# Richmond.

## FISHBURNE v. COMMONWEALTH.

April 6, 1905.

Absent, Cardwell, J.

1. CRIMINAL LAW—*Impartial Jury—Competent Juror Excluded.*—Where a prisoner has had a fair and impartial trial by a jury free from all exception, it is not assignable error that a competent juror was improperly excluded from the panel. *Montague* v. *Commonwealth,* 10 Gratt. 767, overruled.

Petition for writ of error to judgment of the Corporation Court of the city of Roanoke.

*Refused.*

The opinion states the case.

*Wm. Gordon Robertson, Archer A. Phlegar* and *Robertson, Hall & Woods,* for the petitioner.

KEITH, P., delivered the opinion of the court.

This is an application for a writ of error to the judgment of the Corporation Court of the city of Roanoke, by which Fishburne was found guilty of voluntary manslaughter and sentenced to confinement in the penitentiary for a period of five years.

It is assigned as error that upon the challenge of the Commonwealth the Corporation Court rejected, for cause, Frank L.

Brumbaugh and A. J. Rankin, who had been summoned to serve as jurors upon the trial.

Upon their *voir dire* such relations were shown between the petitioner and these jurors as rendered them incompetent, in the opinion of the court. The following questions were put to Brumbaugh by the attorney for the Commonwealth:

Q. Do I understand you correctly in that you start with a sympathy in his favor?

A. Yes, sir.

Q. And go in the jury box with that sympathy?

A. Yes, sir.

Q. And that sympathy, you think, would attend you all through the trial?

A. Well, I said if I would go into the box, I would go into it to do my duty, but I would prefer not to do it, on account of my sympathy.

Q. But I am asking you if that sympathy would be with you all through the trial?

A. I am afraid it would.

Q. At every stage of it?

A. Yes, sir.

Q. You think, under those circumstances, Mr. Brumbaugh, that you could do the Commonwealth justice, and the other party to this unfortunate affair justice also?

A. I think so.

Q. You think you could do your full duty by the Commonwealth with that sympathy for the prisoner on all questions as they come up—questions of evidence and instructions to evidence, and the prisoner's own testimony. Do you feel that you could do the Commonwealth justice in a fair and impartial way?

A. I would if I took the oath to go up there to do that. That is what I would do.

Q. Would it not be a struggle to do it?

A. Well, no; I would do it.

The evidence with respect to Rankin is similar in character, and need not be more particularly adverted to.

We shall not, however, pass upon the correctness of the ruling complained of, for if erroneous, it was not error for which the judgment should be reversed.

The petitioner relies in support of this assignment of error upon *Montague* v. *Commonwealth*, 10 Gratt. 767. In that case the court held that the rejection of a competent juror is error for which the prisoner may except and have the judgment reversed; that the appellate court will not inquire whether injury has been done the prisoner, but the law will intend prejudice.

That case came under review before the Supreme Court of West Virginia in *Thompson* v. *Douglass*, 35 W. Va. 340, and Judge Brannon, for the court, uses the following language: "I am of opinion that this decision is erroneous, and hurtful to the practice of the courts and the administration of justice, and ought not longer to prevail. The doctrine that harmless error shall not reverse and render fair trials abortive has made great progress since the date of the decision cited. Judge Lee gave no reasons in the opinion, except that in criminal cases the law would intend harm to an accused where he is deprived of a right. He did not even refer to the *quaere* in *Clore's Case*, 8 Gratt. 606, and the strong argument of Judge Lomax. That argument is, in my judgment, unanswerable."

In *Thompson* v. *Douglass* many decisions were reviewed. That of *Snow* v. *Weeks*, 75 Me. 105, in which it is held that the exclusion of a qualified juror is not reviewable; that the judge may put a legal juror off, but cannot allow an illegal juror to go on; *Sutton* v. *Fox*, 55 Wis. 531, where it was strongly maintained that the rejection of a competent juror would not be error; *Tatum* v. *Young*, 1 Port. (Ala.) 298, where it was held that when a cause has been tried by a legally impartial jury,

though the judge may have rejected a juror for a cause some-what questionable as to its sufficiency, such rejection of the juror is not available in error; and in *U. S.* v. *Cornell*, 2 Mason 91, Judge Story says that "Even if a juror has been set aside for insufficient cause, I do not know that it is a matter of error, if the trial had been by a jury duly sworn and impaneled, and above all exception. Neither the prisoner nor the government in such case can have suffered any injury." To the same effect are *O'Brien* v. *Iron Works*, 7 Mo. App. 257; *Maner* v. *State*, 8 Tex. App. 361; *Dodge* v. *People*, 4 Neb. 220; *John* v. *State*, 16 Fla. 554; *Railroad Co.* v. *Franklin*, 23 Kan. 74; *State* v. *Ward*, 39 Vt. 225; *Watson* v. *State*, 63 Ind. 548.

In *Clore's Case*, 8 Gratt. 606, the reasoning of Judge Lomax is so conclusive as to remove the subject from the field of controversy. He says: "When, upon the Commonwealth's challenge, one of the *venire* is erroneously excluded from the panel of the jury, the effect upon the trial is materially different from that produced by erroneously overruling the prisoner's challenge to a venireman. In the former case the exclusion of a particular man from the jury does not throw any obstacle in the way of empaneling an impartial jury of qualified jurors. The effect is only to set aside one alleged to be disqualified, and to put in his place one that is qualified. This exclusion and substitution can in no wise affect the fairness and impartiality of the trial, because the trial is still had before a jury, all the members of which are free from exception. Not so in the other case. Then a disqualified juror is imposed upon the accused. He has not been tried by twelve qualified jurors, as the law entitled him, and the disqualification of the juror thus imposed upon him vitiates the verdict. Overruling his challenge, therefore, is a just ground of exception on his part, and he is allowed to complain of the error, because he has thereby been aggrieved. He has not been tried as he was entitled to be, by

Opinion.

twelve duly qualified jurors. But in the other case, notwith-standing the exclusion complained of, of one of the *venire*, he has had all that any prisoner can be entitled to demand, a fair and impartial trial before twelve jurors, free from all exception. And, again, if the exclusion of the venireman upon the Com-monwealth's challenge be a matter of exception and a ground of error on the part of the accused, how can the supposed wrong that the error has inflicted upon him be repaired? It is only upon reversal of the judgment to award a new *venire facias;* not that he may have the excluded venireman empaneled on his jury, but that he may again be tried by twelve qualified jurors; in other words, that he may have another trial, such pre-cisely in all respects as that fair and impartial trial before a jury free from exception that he has already had. Even if we could suppose that the law entitles him in any sense to an elec-tion of his jurors out of the panel of the *venire*, so that the judge ought not arbitrarily to deprive him of it, yet if he has enjoyed the benefit of the great object of all trials, his wrong can at most amount only to *damnum absque injuria.* We are strongly disposed to think that the exclusion of a venireman upon the Commonwealth's challenge, as stated in this record, ought not to have been allowed as a matter of exception, or to be entertained as error."

It is proper to observe that in the case before us there is no doubt that the prisoner was tried by a fair and impartial jury.

There are numerous other assignments of error, none of which are of sufficient interest to require discussion. The in-structions presented the law to the jury fairly and fully, the facts support the verdict, and upon the whole case we are of opinion that the judgment is plainly right, and a writ of error is denied.

*Writ of error refused.*