# Richmond

JEROME DINO WILLIAMSON v. COMMONWEALTH OF VIRGINIA.

June 15, 1970.

Record No. 7189.

Present, All the Justices.

*R. R. Ryder* (*Charles H. Winberg; Winberg & Proffit*, on brief), for plaintiff in error.

*Walter H. Ryland, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

HARRISON, J., delivered the opinion of the court.

Jerome Dino Williamson, the defendant, complains of a judgment

of the lower court wherein he was convicted of robbery and sentenced to 25 years in the penitentiary.

On November 17, 1967, the East Main Street office of the General Finance Corporation in Richmond was robbed by three men. Robert M. Hall, assistant manager, subsequently identified defendant as one of the participants. He testified the men entered the office about 7:35 P. M., at which time defendant pulled a shotgun, announced that it was a holdup and directed Hall to open the cash drawer.

During the course of the robbery, which was accomplished in about 15 minutes, defendant struck Hall in the face with the butt of the shotgun, knocked him to the floor and kicked him repeatedly in the side. Hall suffered severe injuries around the head, a broken nose and several broken ribs.

Immediately after defendant and accomplices left the premises, Hall called the police. He described the men as colored, wearing golf hats and said defendant was wearing a beige all-weather coat. He stated one was "fairly tall", and the others were approximately his height (5 ft. 6 in.). The ages of all three appeared to him to be in the early twenties. He testified that he kept his attention on defendant, and did not get a clear view of the other men.

On November 28, 1967, Hall was asked to come to police headquarters and view a lineup. At that time Hall had just been discharged from the hospital. His nose and face were swollen, and he was wearing a cast which he described as all over his face and as affecting his eyesight. Hall told the officers that defendant, Williamson, who was in the lineup, looked like the man who robbed him, but he would not identify him "for sure" at that time.

At a preliminary hearing in another case, held on the 5th day of December, 1967, Hall saw and identified Williamson as his assailant, and as one of the three men who robbed General Finance Corporation on November 17, 1967. Hall again identified defendant at the trial in the lower court.

Defendant complains that he was not advised of his right to counsel at the lineup held on November 28th.

Officer D. C. Gery, who made the arrest, when asked if Williamson was advised "of his constitutional rights", testified: "He was advised in my presence, if I did not advise him. It was either myself or Sgt. Brown. We were present in Police Headquarters." Gery was asked if the advice included defendant's "right to counsel before being placed in the lineup". He responded: "I am confident that

it would, yes, sir. I can relate to you the exact situation that a subject is normally advised of, and prior to being placed in a lineup."

Officer W. J. Boyer, upon being asked if he heard anyone advise defendant of his right to an attorney before the lineup, responded: "He was advised of his rights when he was arrested, before we took him to the Interrogation Room." He stated that Detective Gery advised him.

■ Defendant questions the manner in which the lineup was conducted. The six men who were in the lineup were all black males. Williamson was 23 years old and 5 ft. 6 in. tall. The ages of the others in the lineup were 24, 39, 40, 43 and 47, and their heights 6 ft. 1 in., 5 ft. 4 in., 5 ft. 9 in., 5 ft. 6 in., and 6 ft. 1 in., respectively.

The objection of defendant is that the others in the lineup did not match his description. We do not regard this objection as well taken. There is no evidence to indicate that the lineup was not conducted fairly and properly, or that the police did anything which would tend to point out defendant, or to set him aside or apart as the individual whom they suspected as being the guilty party. The six men wore no unusual clothing, and they selected their own places in the lineup. There was nothing singularly distinctive about defendant.

A mere showing that some of the men in the lineup were older or taller than defendant is not sufficient grounds for objection. There is no requirement that all suspects or participants be alike in appearance and have the same description, as long as there is nothing to single out the accused from the rest. See *United States* v. *Collins*, 416 F. 2d 696 (4th Cir. 1969); *People* v. *Terczak*, 96 Ill. App. 2d 373, 238 N.E. 2d 626 (1968).

At the trial in the court below, Hall and the police officers testified without opposition or objection by defendant. Hall was examined by counsel for defendant as to the robbery, the opportunity which he had to observe Williamson, his clothing and height. This witness was questioned about the description of the robbers that he gave the officers immediately after the crime, and thereafter in the hospital. He was examined as to the manner in which the lineup was conducted and his identification of, or failure to identify, defendant at the time of the lineup.

Hall was further questioned regarding his identification of defendant at the December 5, 1967 police court hearing, and at the trial in the court below.

At no point during the taking of the evidence was any effort

made to show that Hall's in-court identification was tainted by his observation of Williamson at the November 28th lineup.

At the conclusion of the Commonwealth's evidence, counsel for defendant moved "to strike the Commonwealth's evidence in that it has failed to prove that they warned the defendant that he had a right to counsel at the lineup", relying on *United States* v. *Wade*, 388 U. S. 218, 87 S. Ct. 1926, 18 L. ed. 2d 1149 (1967).

Defense counsel further said to the trial judge:

> "The other point I would like to raise, Your Honor, is that in addition to the violation of the defendant's right to counsel, the total circumstances of the pretrial identification procedures were so grossly suggestive as to lack due process . . .
>
> "The lineup in the case at bar did not offer a selection, from the victim's testimony who said there were only two people in the lineup that would have fitted the description."

In our view of this case there is one narrow issue, and that is whether or not Hall's in-court identification was in any way tainted by the lineup conducted on November 28th.

■ Defendant was a suspect in the robbery of General Finance Corporation and also in the robbery of a Sunoco service station. The two investigations were being conducted simultaneously by the police. It appears that defendant was first arrested on November 28th on suspicion of the burglary of the Sunoco station.

At a hearing in police court on December 5, 1967, Hall identified defendant as the man who struck him and robbed the General Finance Corporation. On that same day a warrant was issued charging Williamson with the General Finance Corporation robbery.

On November 29th, Willard H. Douglas, Jr. was appointed as counsel for defendant and represented him in the trial court. Defendant was without benefit of counsel at the lineup on November 28th, irrespective of whether or not he had been fully advised of his right to counsel, as was testified by Officers Gery and Boyer. However, absence of counsel at the lineup is not of itself a sufficient ground to exclude from evidence an in-court identification.

It is clear from the record that the lineup here was properly conducted by the police, and that defendant was not prejudiced thereby unless it tainted the in-court identification of him which Hall subsequently and positively made. The question of the identification was therefore the principal and controlling issue at the trial.

█ Defendant made no objection in the trial court to the in-court identification of him by the witness Hall on the ground that it was tainted by the lineup. No effort was made for an exclusionary hearing. Williamson did not challenge Hall's testimony, other than by motion to strike the Commonwealth's evidence for failure to prove that he was warned of his right to counsel at the lineup. Neither did he object to testimony that Hall had identified him on occasions previous to the trial.

Rule 1:8, Rules of Court, is very explicit. It provides:

"In civil and criminal cases, all objections to writs of every kind, pleadings, instructions, notices, the admissibility of evidence, or other matters requiring a ruling or judgment of the trial court, shall state with reasonable certainty the ground of objection, and unless it appears from the record to have been so stated, such objections will not be considered by this Court except for good cause shown, or to enable this Court to attain the ends of justice."

In construing this rule, we said in *Harlow* v. *Commonwealth*, 195 Va. 269, 273, 77 S. E. 2d 851, 854 (1953):

"Rule 1:8 requires that the trial judge be informed of the precise points of objection in the minds of counsel so that he may rule intelligently, thereby avoiding delay and the expense incident to appeals, reversals and new trials upon grounds of objection which might have been obviated or corrected in the trial court. Therefore this Rule must be adhered to unless the exceptions therein stated apply."

Williamson is not entitled to question the in-court identification on the ground of taint for the first time in this court.

We further conclude that it is not necessary that this rule be waived in the instant case to attain the ends of justice. The witnesses established by clear and convincing testimony that Hall's in-court identification of Williamson was based upon observations of defendant other than those he made at the police lineup. It had an independent origin and was in no way tainted or colored by the lineup. *United States* v. *Wade, supra; Stanley* v. *Commonwealth*, 210 Va. 490, 171 S. E. 2d 846 (1970).

The judgment of the lower court is

*Affirmed.*