ANNUNZIATA, Judge.
Appellant, Kerri Cardanell Charity, was indicted for burglary and credit card theft. The trial court denied his motion to suppress identification evidence from a lineup in which he participated. Following a jury trial, appellant was convicted of burglary and sentenced to five years imprisonment; appellant was found not guilty of credit card theft. Appellant contends the trial court erred in admitting identification evidence and by conducting voir dire itself, refusing to allow appellant’s counsel to ask questions as provided by Code § 8.01-358. Finding no reversible error, a panel of this Court affirmed appellant’s conviction. The panel granted appellant’s motion for rehearing to reconsider whether the trial judge’s error in its conduct of voir dire was harmless. We find no reversible error and affirm.
I. The Identifications
An out-of-court identification is admissible if either (1) the identification was not unduly suggestive; or (2) the procedure was unduly suggestive, but the identification was so reliable that there is no substantial likelihood of misidentification. E.g., Hill v. Commonwealth, 2 Va.App. 683, 693, 347 S.E.2d 913, 918 (1986). Moreover, even if the out-of-court identification is inadmissible, an in-court identification may still be made if “the origin of that identification is independent of the inadmissible out-of-court identification procedure.” Id.
A valid lineup does not require “that all the suspects or participants be alike in appearance and have the same *262 description, as long as there is nothing to single out the accused from the rest.” Williamson v. Commonwealth, 211 Va. 57, 59, 175 S.E.2d 285, 287 (1970). The evidence supports the trial court’s finding that the videotaped lineup, in which appellant participated, was not unduly suggestive. Based on descriptions given by the victims in the several cases under investigation, the six men participating in the lineup were selected for their height, facial features, complexion, age, hands, voice, and the absence of facial hair. They wore identical clothing in the lineup. Height was the only feature which significantly differed from one man to the next. However, the men selected for the lineup were of differing heights because of the varying descriptions given by the several victims, including the victim in this case, Ashleigh Clukey. The fact that shorter men were intermixed with two who were closer to appellant’s height is of little import here because Ms. Clukey encountered the intruder as he was walking up the stairs of her home, and his height appeared to change with his ascent.
The evidence also shows that the conduct of the police was not unduly suggestive. The police did not pressure Ms. Clukey to identify appellant. They told her she needed to see the video lineup, but they did not tell her it would include the perpetrator. They told her to take her time and not to worry if she could not identify the intruder. The police showed her appellant’s picture only after she identified him from the video lineup.
Moreover, even if the lineup had been unduly suggestive, the trial court properly found that Ms. Clukey’s identification of appellant was not so unreliable as to create a substantial likelihood of misidentification. The factors to consider in determining reliability are: (1) the witness’ opportunity to view the criminal at the time of the crime; (2) the witness’ degree of attention; (3) the accuracy of the witness’ prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. E.g., *263 Hill, 2 Va.App. at 692, 347 S.E.2d at 918 (citing Neil v. Biggers, 409 U.S. 188, 199-200, 93 S.Ct. 375, 382-83, 34 L.Ed.2d 401 (1972)).
Applying these factors to determine the reliability of Ms. Clukey’s identification, we cannot conclude the trial court abused its discretion in admitting the evidence. See Blain v. Commonwealth, 7 Va.App. 10, 16, 371 S.E.2d 838, 842 (1988) (“The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.”). Ms. Clukey observed the intruder for seventeen seconds and came within ten feet of him as he walked up the stairs toward her. She could see his face clearly and ascertain his facial features because the outside porch light was on at the bottom of the steps and the bathroom light was on at the top of the stairway.
Ms. Clukey’s identification of the intruder at trial was the same as the identification she gave to the police at the time of the crime, except she first reported the intruder wore a hat. This discrepancy is of insufficient import to require suppression of the identification. Ms. Clukey’s ability to distinguish one suspect from another was clearly established. She correctly found that appellant was not among those in the photo lineup presented to her shortly after the incident. At both the trial and the lineup, Ms. Clukey positively identified appellant as the intruder. She identified him both wearing and not wearing a baseball cap. Approximately seven months elapsed between the crime and the lineup and another five elapsed before trial. Under the facts of this case, neither period represents an interval of such length that Ms. Clukey’s identification testimony can be deemed unreliable as a matter of law.
Appellant also argues that Ms. Clukey’s in-court identification should not have been admitted because it was tainted by the conduct of the police, who showed her a photo of appellant, bald-headed, after she identified him in the lineup video and after she indicated she could not recall whether he was wearing a cap. This Court has applied the same two-part test *264 set forth above to determine whether to suppress an in-court identification. E.g., Doan v. Commonwealth, 15 Va.App. 87, 95-96, 422 S.E.2d 398, 402-03 (1992). Thus, the showing of the photo must have been so unduly suggestive as to render Ms. Clukey’s in-court identification so unreliable as to raise a substantial likelihood that she misidentified appellant.
To support his position, appellant argues that Ms. Clukey’s in-court identification was unreliable because: (1) she did not describe the intruder as bald until seeing the photo showing appellant without hair; (2) she testified at trial that the intruder had little hair, at least none sticking out from his hood; and (3) because, after seeing the photo of appellant without a hat, she was unable to recall the hat she said the intruder wore. We disagree with appellant’s contentions.
The trial court did not abuse its discretion by admitting Ms. Clukey’s in-court identification. Ms. Clukey’s inability to recall whether the intruder wore a cap is the only significant inconsistency which exists between her early identification and her in-court testimony. Ms. Clukey identified appellant both at the lineup, when he was wearing a cap, and in the photo, when he was bald-headed. Moreover, her report to the police that the intruder wore a hood and a cap is not significantly inconsistent with her testimony at trial that the intruder had little hair, at least none visible to her.
II! The Voir Dire
The parties do not dispute that the trial court’s failure to allow appellant’s counsel to ask voir dire questions of the prospective jurors was a clear deviation from the mandate of Code § 8.01-358.[1] That such a deviation is an abuse of *265 discretion is beyond cavil. It remains only to determine whether that error was harmless.
Upon rehearing, appellant contends that the Commonwealth bears the burden of proving harmless error and that, in our initial opinion, we applied the wrong standard in determining whether the error was harmless. We disagree. We did not deviate from the well established principles governing appellate review of trial court errors. Nonetheless, in the interest of clarity, upon rehearing, we can further explain our ruling.
Counsel conducted voir dire is a statutory, not a constitutional, right. See Tuggle v. Commonwealth, 228 Va. 493, 504, 323 S.E.2d 539, 546 (1984), vacated on other grounds, 471 U.S. 1096, 105 S.Ct. 2315, 85 L.Ed.2d 835 (1985); Turner v. Commonwealth, 221 Va. 513, 521, 273 S.E.2d 36, 41 (1980), rev’d on other grounds, 476 U.S. 28, 106 S.Ct. 1683, 90 L.Ed.2d 27 (1986).[2] Thus, we are required to address the trial court’s error in this case by applying the legal standard for determining when non-constitutional error is harmless.
Non-constitutional error is harmless
[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.
Code § 8.01-678; see Lavinder v. Commonwealth, 12 Va.App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc); Walker v. Commonwealth, 144 Va. 648, 652, 131 S.E. 230, 231 (1926). To determine whether an error is harmless, this Court “must review the record and the evidence and evaluate the effect the error may have had on how the finder of fact resolved the *266 contested issues.” Lavinder, 12 Va.App. at 1007, 407 S.E.2d at 912. “An error does not affect a verdict if a reviewing court can conclude, without usurping the jury’s fact finding function, that, had the error not occurred, the verdict would have been the same.” Id. at 1005, 407 S.E.2d at 911. Allocating the risk of non-persuasion, e.g., the burden of proof, is not necessary to our analysis in this case. Such a consideration becomes relevant only where the appellate court finds the matter “so evenly balanced that [it] feels ... in virtual equipoise as to the harmlessness of the error.” O’Neal v. McAninch, 513 U.S. 432, 435, 115 S.Ct. 992, 994, 130 L.Ed.2d 947 (1995). We find no such circumstances here.
We conclude that the verdict in this case would have been the same notwithstanding the trial court’s error, because we find the record plainly shows that appellant received a fair trial and that substantial justice was reached. See Lavinder, 12 Va.App. at 1005, 407 S.E.2d at 911. The record affirmatively establishes that appellant was tried by an impartial jury. It is undisputed that each person on the panel of twenty from which the ultimate jury was selected was free from exception.
Although the court refused to allow appellant’s counsel to ask the prospective jurors questions directly, it gave appellant’s counsel the opportunity to submit voir dire questions for the court to ask. Counsel stated that he had not formulated specific questions but asserted that his questions would address whether a prospective juror had any “disagreement [with] or bias against” the law governing the burden of proof, the presumption of innocence or the possession of stolen property, and whether a prospective juror would credit the testimony of police officers over that of other witnesses or was predisposed to believe eyewitness testimony. The court offered appellant’s counsel a recess to write specific questions to submit to the court. In conducting voir dire, the court questioned prospective jurors on each of the matters appellant’s counsel raised. Counsel did not proffer any questions that were not asked, and he did not submit any follow-up questions to those the court did ask.
*267 Clearly, the court failed to follow the mandate of Code § 8.01-358.[3] However, it plainly appears from the record that this error did not affect the questions propounded to the prospective jurors, the selection or composition of the jury panel or its partiality. Thus, we conclude that the record plainly shows that the erroneous, non-constitutional ruling did not deprive appellant of a fair trial or substantial justice and, therefore, that it plainly did not affect the verdict.
Accordingly, appellant’s conviction is affirmed.

Affirmed.

. Code § 8.01-358 provides:
The court and counsel for either party shall have the right to examine under oath any person who is called as a juror therein and shall have the right to ask such person or juror directly any relevant question to ascertain whether he is related to either party, or has any interest in the cause, or has expressed or formed any opinion, or is sensible of any bias or prejudice therein; and the party objecting to any juror may introduce any competent evidence in support of the *265 objection; and if it shall appear to the court that the juror does not stand indifferent in the cause, another shall be drawn or called and placed in his stead for the trial of that case....

. Moreover, appellant did not raise a constitutional claim below and is, therefore, barred from raising such a claim on appeal. Rule 5A:18; Jacques v. Commonwealth, 12 Va.App. 591, 593, 405 S.E.2d 630, 631 (1991); Swann v. Commonwealth, 247 Va. 222, 229, 441 S.E.2d 195, 201, cert. denied, — U.S.-, 115 S.Ct. 234, 130 L.Ed.2d 158 (1994).

. Appellant characterizes the trial court’s error in this case as, inter alia, "intentional,” "blatant,” "arbitrary,” and even "bizarre.” Admittedly, the error in this case is troubling, not simply because it denied appellant’s statutory right to counsel-conducted voir dire, but also because it may have been committed in deliberate disregard of a known statutory directive. See Canons 2(A), 3(A)(1), Canons of Judicial Conduct for the State of Virginia. Our review, however, is limited to addressing the effect of the error on the case at bar, not the trial judge’s reasoning, state of mind or knowledge when making the error.