COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Frank and Haley
Argued at Chesapeake, Virginia


KAREEM JEMAR BENNETT

v.       Record No. 2811-05-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE LARRY G. ELDER
OCTOBER 31, 2006

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
H. Vincent Conway, Jr., Judge

Charles E. Haden for appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on briefs), for appellee.


Kareem Jemar Bennett (appellant) appeals from his bench trial conviction for driving

after having been declared a habitual offender. On appeal, he contends the eyewitness

identification testimony of the police officer who instituted the charge was insufficient to prove

he was the person driving during the incident in question. We hold the evidence, viewed in the

light most favorable to the Commonwealth, was sufficient, and we affirm.

In reviewing the sufficiency of the evidence on appeal, we examine the record in the light

most favorable to the Commonwealth, granting to the evidence all reasonable inferences fairly

deducible therefrom. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418

(1987). The judgment of a trial court will be disturbed only if plainly wrong or without evidence

to support it. Id. The credibility of a witness, the weight accorded the testimony, and the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

inferences to be drawn from proven facts are matters to be determined by the fact finder. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

At trial, the Commonwealth bears the burden of proving the identity of the accused as the perpetrator beyond a reasonable doubt. Brickhouse v. Commonwealth, 208 Va. 533, 536, 159 S.E.2d 611, 613-14 (1968). In determining the sufficiency of the evidence to support a conviction where a witness' identification is challenged, we look to the reliability factors enunciated in Neil v. Biggers, 409 U.S. 188, 93 S. Ct. 375, 34 L. Ed. 2d 401 (1972), as significant circumstances that may be considered along with other evidence. Charity v. Commonwealth, 24 Va. App. 258, 262-63, 482 S.E.2d 59, 61 (1997). Those factors include:

> "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation and the length of time between the crime and the confrontation."

Currie v. Commonwealth, 30 Va. App. 58, 73, 515 S.E.2d 335, 343 (1999) (quoting Biggers, 409 U.S. at 199-200, 93 S. Ct. at 382, 34 L. Ed. 2d at 411). Those circumstances also may include the fact that the person making the identification was "a trained police officer on duty" rather than "a casual or passing observer" and, as such, that "he could be expected to pay scrupulous attention to detail, for he knew that subsequently he would have to find and arrest [the perpetrator]." Manson v. Brathwaite, 432 U.S. 98, 115, 97 S. Ct. 2243, 2253, 53 L. Ed. 2d 140, 154 (1977) (involving undercover narcotics officer who made controlled purchase of drugs).

> Although "'a single photograph display is one of the most suggestive methods of identification and is always to be viewed with suspicion,'" Wise v. Commonwealth, 6 Va. App. 178, 184, 367 S.E.2d 197, 200 (1988) (quoting Hudson v. Blackburn, 601 F.2d 785, 788 (5th Cir. 1979)), "[p]re-trial show-ups are not per se violative of constitutional rights," Ford v. Commonwealth, 28 Va. App. 249, 258, 503 S.E.2d 803, 807 (1998).

Blevins v. Commonwealth, 40 Va. App. 412, 423, 579 S.E.2d 658, 663-64 (2003), aff'd on other grounds, 267 Va. 291, 590 S.E.2d 365 (2004). Absent evidence of a process so suggestive as to "giv[e] rise to a 'very substantial likelihood of irreparable [mis]identification,'" the identification evidence is admissible, and "the weight to be attributed to the evidence [is] for the [fact finder] to decide." Bryant v. Commonwealth, 10 Va. App. 421, 427, 393 S.E.2d 216, 220 (1990) (quoting Brathwaite, 432 U.S. at 116, 97 S. Ct. at 2254, 53 L. Ed. 2d at 155 (quoting Simmons v. United States, 390 U.S. 377, 384, 88 S. Ct. 967, 971, 19 L. Ed. 2d 1247, 1253 (1968))).

Here, the issue on appeal is not the admissibility of the eyewitness identification testimony but rather the sufficiency of the evidence to prove appellant was the driver. Under the principles set out above, we hold the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to prove this element of the offense. Officer C. Godbot, a trained police officer acting within the scope of his duties, observed appellant when Godbot attempted to stop appellant's vehicle for an equipment violation and appellant fled the scene of the stop. Although the stop occurred at 12:30 a.m., Officer Godbot testified that he "had [his] headlights on, [his] overhead lights on and [his] spotlight on facing the [driver's] vehicle." In addition, the area of the stop was illuminated by streetlights. Although Officer Godbot saw appellant for only a few seconds before appellant fled, Godbot testified that appellant looked directly back at him before fleeing and that he had a clear, unobstructed view of appellant's face from a distance of approximately twenty-five feet. Although Officer Godbot's written description of the driver--a "black male about 5-foot-9, 160 pounds"--was fairly general, Godbot said he remembered the driver's "facial features" and that he "didn't forget [the driver's] face." Also, within a short time after the stop, Officer Godbot viewed a photograph and identified the person depicted therein as the person driving at the time of the traffic stop. He emphasized he did not need to include a

detailed written description of the driver in his notes regarding the offense because he actually had "[the driver's] picture" "[t]he night he ran."

Thus, the totality of the circumstances, including Officer Godbot's training as a police officer, his opportunity to view the driver clearly before he fled, the level of certainty of Officer Godbot's identification both on the night of the offense and at trial, and the short period of time that passed between his viewing the driver and first viewing the photograph, support the trial court's finding that Officer Godbot's identification of appellant was sufficient to prove appellant drove on the night at issue. Although Officer Godbot saw the driver's face clearly for only about two seconds before he fled, the length of the opportunity for viewing is merely one factor in the totality-of-the-circumstances analysis. There is no minimum time for which a witness must observe a person before being able to make an identification of him sufficient to support a conviction, and our Supreme Court has upheld a conviction involving a lay witness identification made under similar circumstances. See Satcher v. Commonwealth, 244 Va. 220, 252-54, 421 S.E.2d 821, 840-42 (1992) (upholding conviction where bystander saw suspect's face for no more than two to five seconds as he ran past her and she identified him short time later while he stood in group of people in which he was "[the] lone black man").

For these reasons, we hold the challenged eyewitness identification testimony, found credible by the trial court, was sufficient to support appellant's conviction for driving after having been declared a habitual offender. Thus, we affirm the conviction.

Affirmed.