COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Clements and Haley
Argued at Chesapeake, Virginia


RICHARD CALEB SHELTON

MEMORANDUM OPINION* BY
v.        Record No. 3134-06-1          JUDGE JEAN HARRISON CLEMENTS
JANUARY 15, 2008

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Bruce H. Kushner, Judge

Moody E. Stallings, Jr. (Cara L. Griffith; Stallings & Bischoff, P.C.,
on brief), for appellant.

Alice T. Armstrong, Assistant Attorney General II (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Richard Caleb Shelton (appellant) was convicted in a bench trial of robbery, in violation

of Code § 18.2-58, and of using a firearm in the commission of a felony, in violation of Code

§ 18.2-53.1. On appeal, he contends (1) the evidence was insufficient to support his convictions;

(2) the trial court erred in refusing to grant his motion to reconsider and in failing to order a new

trial based on after-discovered evidence; and (3) the trial court abused its discretion by refusing

to grant his motion for a continuance. We disagree and affirm the trial court's judgment and

appellant's convictions.

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

"On appeal, we construe the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Zoretic v. Commonwealth, 13 Va. App. 241, 242, 409 S.E.2d 832, 833 (1991) (citing Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)). We discard evidence favorable to the accused that conflicts with the Commonwealth's evidence. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). Viewed by that standard, the evidence demonstrates that on the afternoon of July 19, 2003, two assailants robbed Mark Velez at a carwash. Velez immediately called 911. Responding to Velez's call within minutes, Chesapeake City Police Officers V.J. Matney and J.J. Blount arrived and Velez described the robbery and the two assailants to the officers. Later that day, Officer Matney recorded Velez's account of the robbery in a police report, describing the first assailant who pulled out a revolver as "a dark skinned black male with medium length dreadlocks and a space between his front teeth" and the second assailant as "a medium complected black male with a clean shaven head." Four days later, Velez identified appellant as one of the robbers out of a photo identification lineup containing six black males with dreadlocks.

At trial, Velez identified appellant as the second assailant who approached him from behind and pressed a blunt object into his back, searched his pants, demanded that he open his vehicle trunk, and later returned to the scene to demand his cell phone. On cross-examination, Velez stated that Officer Matney could have recorded his depictions of the robbers incorrectly, switching the two assailants's physical descriptions. During Officer Matney's testimony on cross-examination, she stated that five days before responding to the robbery, she had graduated from the police academy and that "it [was] possible" she had inadvertently transposed the first and second assailants as to who was holding the gun.

- 2 -

The trial court found appellant guilty of robbery and of using a firearm in the commission of a felony on August 5, 2005.  On November 8, 2006, appellant filed an amended motion to reconsider and requested a new trial based on after-discovered evidence.  On November 20, 2006, during the course of the hearing on the motion to reconsider, appellant also argued a motion for continuance.  That same day, the trial court denied appellant's motions and sentenced him on the convictions.

This appeal followed.

## II.  SUFFICIENCY OF THE EVIDENCE

On appeal, appellant contends the evidence was insufficient to prove he was present at the crime scene.  To support that contention, appellant maintains that the victim's identification of appellant as one of robbers was unreliable because appellant did not match the description provided to police as being a "dark skinned black male with dreadlocks and a space between his teeth" and that at trial, multiple witnesses testified that on the day of the robbery, he was miles away from the crime location.  We disagree.

At trial, the Commonwealth bears the burden of proving the identity of the accused as the perpetrator beyond a reasonable doubt.  Brickhouse v. Commonwealth, 208 Va. 533, 536, 159 S.E.2d 611, 613-14 (1968).  In determining the sufficiency of the evidence to support a conviction where a witness' identification is challenged, we look to the reliability factors set forth in Neil v. Biggers, 409 U.S. 188 (1972), as significant circumstances that may be considered along with other evidence.  Charity v. Commonwealth, 24 Va. App. 258, 262-63, 482 S.E.2d 59, 61 (1997).  Those factors include:

> "the opportunity of the witness to view the criminal at the time of
> the crime, the witness' degree of attention, the accuracy of the
> witness' prior description of the criminal, the level of certainty
> demonstrated by the witness at the confrontation and the length of
> time between the crime and the confrontation."

Currie v. Commonwealth, 30 Va. App. 58, 73, 515 S.E.2d 335, 343 (1999) (quoting Biggers, 409 U.S. at 199-200); see also Bryant v. Commonwealth, 10 Va. App. 421, 424, 393 S.E.2d 216, 218 (1990) ("Under Biggers, the reliability of the identification is to be judged according to the totality of the circumstances.").

Here, considering the totality of the circumstances, including Velez's observation of appellant before the robbery for thirty minutes from twenty feet away, Velez's later recognition of appellant sitting in front of the laundromat, Velez's observation of appellant during the robbery for "five to eight minutes" and appellant's return to the scene to demand Velez's cell phone, together with Velez's description of appellant to the officers within minutes of the robbery, and Velez's identification of appellant four days later from the photo identification lineup, the evidence was sufficient to prove appellant committed the robbery for which he was convicted.

Appellant, however, argues Velez is an unreliable witness because Velez's testimony identifying appellant as the second assailant of the robbery conflicted with Officer Matney's police report indicating appellant was the first assailant. Appellant also contends that he has no gap between his teeth. Furthermore, appellant argues that he provided alibi witnesses suggesting he was miles away from the location of the robbery. We disagree with appellant.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "The conclusions of the fact finder on issues of witness credibility 'may only be disturbed on appeal if this Court finds that [the witness'] . . . testimony was inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" Moyer v. Commonwealth, 33 Va. App. 8,

28, 531 S.E.2d 580, 590 (2000) (en banc) (quoting Robertson v. Commonwealth, 12 Va. App. 854, 858, 406 S.E.2d 417, 419 (1991)).

Here, the trial court credited Velez's testimony identifying appellant as one of the assailants. During Velez's testimony, he also explained that Officer Matney confused and switched the physical descriptions of the assailants in the police report. Officer Matney, a relatively inexperienced police officer, testified that "it [was] possible" she had inadvertently transposed the first and second assailants as to who was holding the gun. Additionally, the trial court rejected the testimony of appellant's alibi witnesses. Thus, the trial court "resolv[ed] the conflicts and inconsistencies [therein] against [appellant] and [found] ultimately that the evidence constituted proof of guilt beyond a reasonable doubt." Lockhart v. Commonwealth, 34 Va. App. 329, 343, 542 S.E.2d 1, 7 (2001). Finding nothing in Velez's testimony so contrary to human experience as to render it inherently incredible as a matter of law, we uphold the trial court's determination that the conflicts in the evidence did not render Velez's testimony unworthy of belief. See id. at 343, 542 S.E.2d at 7-8.

### III. MOTION FOR RECONSIDERATION

Appellant claims the trial court erred in refusing to grant his motion for reconsideration and in failing to order a new trial based on after-discovered evidence. We disagree with appellant.

A motion for a new trial based on after-discovered evidence is a "matter submitted to the sound discretion of a [trial] court and will be granted only under unusual circumstances after particular care and caution has been given to the evidence presented." Orndorff v. Commonwealth, 271 Va. 486, 501, 628 S.E.2d 344, 352 (2006) (citing Commonwealth v. Tweed, 264 Va. 524, 528, 570 S.E.2d 797, 800 (2002); Stockton v. Commonwealth, 227 Va.

124, 149, 314 S.E.2d 371, 387 (1984); Fulcher v. Whitlow, 208 Va. 34, 37, 155 S.E.2d 362, 365 (1967)).

> A moving party's burden of proof before the [trial] court on a motion for a new trial based on after-discovered evidence is well established. The moving party must establish that such evidence "(1) appears to have been discovered subsequent to the trial; (2) could not have been secured for use at the trial in the exercise of reasonable diligence by the movant; (3) is not merely cumulative, corroborative or collateral; and (4) is material, and such as should produce opposite results on the merits at another trial."

Id. (quoting Odum v. Commonwealth, 225 Va. 123, 130, 301 S.E.2d 145, 149 (1983)).

Here, the Commonwealth concedes that appellant discovered the evidence subsequent to the trial, satisfying the first prong of the mandatory criteria under Orndorff. Appellant, however, falls short of proving the remaining three prongs of the Orndorff test.

Appellant claims that after his conviction, another inmate with whom he was incarcerated told him he knew that Wesley Day had committed the robbery for which appellant was convicted. Appellant maintains that the evidence could not have been discovered with reasonable diligence because "its discovery was the result of a lucky conversation with another inmate after [appellant's] conviction." We disagree.

> [W]hat is reasonable diligence depends upon the facts and circumstances of each particular case; the burden is on the mover to show to the court that he has exercised due or reasonable diligence to ascertain relevant facts before trial, and that such diligence did not reveal the existence of, nor show the probability of the existence of, the evidence now relied upon.

Id. at 502, 628 S.E.2d at 353.

Here, to satisfy the reasonable diligence burden, appellant could have investigated the trial court's public records for robberies committed in a similar manner, in the same area, and during the same time frame. Appellant could have investigated the additional names of possible accomplices provided by the Commonwealth. Appellant may have discovered Day's similarly

- 6 -

conducted robberies and could have presented the possibility of mistaken identity to the trial court during his trial. Accordingly, appellant failed to act with the reasonable diligence required under Orndorff.

Moreover, as the Commonwealth points out, appellant does not satisfy the third or fourth mandatory criteria set forth by Orndorff, namely that the evidence was "'not merely cumulative, corroborative or collateral'" and that the evidence was material, such that it "'should produce opposite results on the merits at another trial.'" Id. at 501, 628 S.E.2d at 352 (quoting Odum, 225 Va. at 130, 301 S.E.2d at 149 ). Presenting the evidence regarding Day would have accounted for only one of the perpetrators, and therefore, would not have discounted that Velez explicitly identified appellant as one of the assailants. Thus, appellant's evidence indicating Day participated in the robbery was collateral. For the same reasons, appellant's claim that the evidence was material such that it should have produced an opposite result on the merits at another trial is unfounded.

Accordingly, because appellant fails to satisfy his burden under Orndorff, we hold the trial court did not abuse its discretion in refusing to grant appellant's motion for reconsideration and in denying his request for a new trial based on after-discovered evidence.

## IV. MOTION FOR CONTINUANCE

Appellant maintains that the trial court abused its discretion by refusing to grant his request for a continuance. Appellant claims that, had the trial court granted the continuance, he could have reviewed "the file in the Norfolk case which contained more recent photographs of Day," he could have investigated Day's accomplice, and he could have discovered whether Day was related to the owner of the apartment where the two perpetrators fled after robbing Velez. We disagree.

"Whether to grant or deny a continuance of a trial is a matter that lies within the sound discretion of a trial court, and its ruling will not be reversed on appeal unless it is plainly wrong." Cardwell v. Commonwealth, 248 Va. 501, 508, 450 S.E.2d 146, 151 (1994) (citing Lomax v. Commonwealth, 228 Va. 168, 172, 319 S.E.2d 763, 765 (1984); Parish v. Commonwealth, 206 Va. 627, 631-32, 145 S.E.2d 192, 195 (1965)).

> A defendant's right to call for evidence in his favor guarantees him sufficient time to investigate and evaluate the evidence in preparation for trial. However, the need to investigate and evaluate the evidence and the prejudice allegedly resulting from the denial of a continuance cannot be based upon mere speculation. Thus, absent a showing of prejudice to a defendant by the denial of a continuance, an appellate court will not find that a trial court abused its discretion.

Id. at 509, 450 S.E.2d at 151 (citations omitted).

In this case, appellant presented nothing more than mere conjecture that Day may have perpetrated the robbery. The information appellant claims he might have discovered with the continuance is evidence appellant could have and should have investigated anytime before, during, or immediately after his conviction. As the trial court noted at the hearing on the motions, appellant was given "an extraordinary amount of time . . . to present any evidence with regard to a mistaken identification," that appellant had "been through a number of attorneys," and had failed to present to the trial court "anything that would lead [the trial court] to believe that Mr. Velez'[s] identification was not correct." Because we find no showing of prejudice to appellant by the denial of the continuance, we also find the trial court did not abuse its discretion.

## V. CONCLUSION

For these reasons, we affirm the judgment of the trial court and appellant's convictions.

Affirmed.