COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Humphreys and Huff
Argued at Chesapeake, Virginia

UNPUBLISHED

MARSHALL DEMETRIUS MOYD

MEMORANDUM OPINION[*] BY
v.        Record No. 0317-12-1                    JUDGE LARRY G. ELDER
FEBRUARY 19, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Patricia L. West, Judge

Gregory B. Turpin (Clarke, Dolph, Rapaport, Hull & Brunick,
P.L.C., on brief), for appellant.

Susan M. Harris, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Marshall Demetrius Moyd (appellant) appeals his convictions for first-degree murder,

robbery, two corresponding counts of possession or use of a firearm in the commission of a

felony, and use of a sawed-off shotgun or rifle. He contends the trial court committed reversible

error by striking a juror for cause without conducting individual voir dire. Because appellant

does not contend he was denied a fair and impartial jury, we affirm his convictions.

An accused is constitutionally guaranteed the right to trial by "an impartial jury." U.S.

Const. amends. VI, XIV; Va. Const. art. I § 8. "We review a trial court's decision whether to

strike a prospective juror for cause for an abuse of discretion and that ruling will not be disturbed

on appeal unless it appears from the record that the trial court's action constitutes manifest

error." Cressell v. Commonwealth, 32 Va. App. 744, 755, 531 S.E.2d 1, 6 (2000).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant argues the trial court erred by striking the juror for cause without first inquiring, through meaningful voir dire, whether he had any bias due to election contests against the deputy Commonwealth's attorney's brother. Appellant contends the trial court must base its decision to strike a juror on actual evidence that the relationship would prevent the potential juror from performing his duties as a juror.

During jury selection process prior to appellant's trial for the instant offenses, one venireman, Joe Bouchard, indicated that he was a former member of the General Assembly. One of the attorneys prosecuting the instant case informed the trial court that his brother ran against Bouchard twice, and the other indicated that he had "actively campaigned" against Bouchard as well. Defense counsel requested voir dire of Bouchard to determine whether he had any biases against the prosecutors, but the trial court excused Bouchard without conducting further inquiry. The trial court empaneled twelve jurors and two alternates. The trial court asked whether "both sides [were] satisfied with the makeup of the panel," to which defense counsel responded, "Yes, Your Honor, we're satisfied." The jury ultimately found appellant guilty of the instant offenses.

Assuming without deciding that the trial court erred in dismissing Bouchard without conducting meaningful individual voir dire,[1] we hold that such error is harmless. "Counsel conducted voir dire is a statutory, not a constitutional, right." Charity v. Commonwealth, 24 Va. App. 258, 265, 482 S.E.2d 59, 62 (1997); see Code § 8.01-358. Non-constitutional error is harmless "[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678; see Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731 (2001). Our

---

[1] We note that "[t]rial courts primarily determine whether a venireperson is free from partiality and prejudice through meaningful voir dire." Griffin v. Commonwealth, 19 Va. App. 619, 621, 454 S.E.2d 363, 364 (1995) (citing Code § 8.01-358). Here, the trial court did not conduct such voir dire to determine whether Bouchard "c[ould] lay aside [his] preconceived views and render a verdict based solely on the law and evidence presented at trial." Id.

courts have consistently held that "the exclusion of a qualified juror is not reviewable[,]" Fishburne v. Commonwealth, 103 Va. 1023, 1025, 50 S.E. 443, 444 (1905), and a trial court does not abuse its discretion by failing to conduct voir dire where the "record affirmatively establishes that [the defendant] was tried by an impartial jury," Charity, 24 Va. App. at 266, 482 S.E.2d at 63; see also Fisher v. Commonwealth, 236 Va. 403, 410-11, 374 S.E.2d 46, 50 (1988) (finding no abuse of discretion where the trial court denied the defendant's motion to question each venireperson individually because he "ma[d]e[] no contention that the final jury lacked impartiality or that he suffered any prejudice by reason of the court's rulings with respect to voir dire"); Seymour v. Commonwealth, 133 Va. 775, 786, 112 S.E. 806, 809 (1922) ("It is altogether different when an incompetent juror is accepted, because an accused person is entitled to a fair jury, but if he gets a fair jury he has no right to complain that other fair jurors were not sworn to try his case.").

Although appellant contends the trial court's actions deprived him of his right to an impartial jury, he does not complain that the jury that heard his case was biased or not impartial. He puts forth no evidence or argument that the jury selected was not impartial. To the contrary, defense counsel expressly informed the trial court that he was "satisfied" with the selected jurors at the conclusion of the jury selection process.

Because nothing in the record suggests that the jury selected was not impartial or not qualified, we hold the trial court did not commit reversible error. Thus, we affirm appellant's convictions.

Affirmed.