**Tom WILLIAMS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7361.**

United States Court of Appeals
Fourth Circuit.

Argued April 1, 1957.

Decided April 30, 1957.

As Corrected on Denial of Rehearing
May 11, 1957.

Kyle Hayes, North Wilkesboro, N. C. (F. J. McDuffie, Wilkesboro, N. C., on brief), for appellant.

Lafayette Williams, Asst. U. S. Atty., Greensboro, N. C. (Edwin M. Stanley, U. S. Atty., Greensboro, N. C., on brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and WILLIAMS, District Judge.

## PER CURIAM.

This is an appeal in a criminal case, brought under 18 U.S.C. § 2313, in which appellant was charged in the first count of an indictment with receiving a stolen motor vehicle moving as interstate commerce knowing it to have been stolen, and under a second count with concealing and storing the same motor vehicle. The jury acquitted on the first count but convicted on the second. The appellant contends that the evidence was not sufficient to support the conviction on the second count, that violation of a single statute could not be charged in two counts of an indictment and that the verdict was void on the ground that the finding of the jury on the second count was repugnant to its finding on the first count. There is no merit in any of these contentions.

There was evidence that the car had been stolen in Pennsylvania and that appellant received it in North Carolina two days later. He claimed that it had been left with him to repair the brakes, but there was evidence that he had had it in his possession for more than eight months and had been using it in connection with an illicit liquor business. The serial number on one of the plates had been changed and when found the car had no license plates and the front tires had been taken off and been sent to a tire recapping company to be recapped. Appellant made conflicting statements as to whether license plates were on the car when received by him, and there was evidence that he had instructed employees who had been using it for unlawful purposes to burn it if they were caught. There were other highly suspicious circumstances, which thoroughly warranted the jury in finding that he knew it to be a stolen car. It is argued that there was not sufficient evidence that it was moving in or as a part of interstate commerce when received; but the fact that it was received in North Carolina so shortly after it had been stolen in Pennsylvania was sufficient for a finding by the jury that its movement in interstate commerce did not end and that it did not come to rest within the state until it was received by defendant. Levi v. United States, 5 Cir., 71 F.2d 353, 354; Parsons v. United States, 5 Cir., 188 F.2d 878. That it is proper to charge violations of a single statute in more than one count of an indictment, even though they relate to a single offense, is too well settled to admit of argument. See United States v. Maryland State Licensed Beverage Ass'n, 4 Cir., 240 F.2d 420, 422. And it is equally well settled that a verdict of guilty on one count of an indictment is not invalidated by an inconsistent verdict of acquittal on another count. Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356; United States v. Dotterweich, 320 U.S. 277, 279, 64 S. Ct. 134, 88 L.Ed. 48; United States v. Costello, 2 Cir., 221 F.2d 668, 675.

Affirmed.