**UNITED STATES of America,**
**Appellee,**

**v.**

**George Worth WOODELL, Appellant.**

**No. 8152.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 16, 1960.

Decided Dec. 17, 1960.

Herbert F. Seawell, Jr., Carthage, N. C. (William L. Osteen of Booth & Osteen, Greensboro, N. C., on the brief), for appellant.

Lafayette Williams, Asst. U. S. Atty., Yadkinville, N. C. (James E. Holshouser, U. S. Atty., Greensboro, N. C., on the brief), for appellee.

Before SOPER and HAYNSWORTH, Circuit Judges, and HARRY E. WATKINS, District Judge.

HARRY E. WATKINS, District Judge.

Appellant, George Worth Woodell, was tried on an indictment in four counts charging violation of the Internal Revenue Laws relating to liquor. He was found not guilty of possession of a still,

not guilty of making and fermenting mash, not guilty of possessing distilled spirits; but guilty of carrying on the business of a distiller, without giving bond. A co-defendant, Joseph Darrell Freeman, entered a plea of guilty as to all counts.

The only point raised by appellant in his brief is that the verdict of guilty to carrying on the business of a distiller is inconsistent with the verdict of not guilty on the other three charges, and that because of such inconsistency, the verdict of guilty cannot stand.

■■ Prior to 1932 there was abundant authority for the proposition that a conviction cannot stand if it is based upon an inconsistent jury verdict. Speiler v. United States, 3 Cir., 31 F.2d 682, and Boyle v. United States, 8 Cir., 22 F.2d 547. But these cases are no longer the law in the federal courts. Consistency in the verdict of a jury is no longer necessary. The question was answered conclusively by Mr. Justice Holmes, speaking for the Supreme Court, in Dunn v. United States, 1932, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161. Since then there has been a complete new line of decisions, all holding that consistency is not required in a jury verdict. Where different offenses are separately charged in the counts of a single indictment and the same evidence is offered in support of each, an acquittal on one count cannot be pleaded as res judicata of the others. United States v. Dotterweich, 320 U.S. 277, 279, 64 S.Ct. 134, 88 L.Ed. 48; Williams v. United States, 4 Cir., 1957, 244 F.2d 303; United States v. Costello, 2 Cir., 221 F.2d 668, 676; Stein v. United States, 9 Cir., 153 F.2d 737, 744; United States v. Hare, 7 Cir., 153 F.2d 816, 819.

In Pilgreen v. United States, 8 Cir., 157 F.2d 427, (exactly as in the instant case) appellant was found not guilty of possession of a still, not guilty of making and fermenting mash, but guilty of carrying on the business of a distiller without giving bond. His claim that the verdict was inconsistent and could not stand was rejected by the Court of Appeals, citing Dunn v. United States, supra, and other cases mentioned above.

At the trial and in oral argument in this court, appellant urged that the evidence was insufficient to support the verdict. In Bell v. United States, 4 Cir., 1950, 185 F.2d 302, 310, Judge Soper quotes with approval Curley v. United States, 1947, 81 U.S.App.D.C. 389, 160 F.2d 229, as follows:

"The true rule, therefore, is that a trial judge, in passing upon a motion for a directed verdict of acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt."

On February 20, 1960, Sheriff W. W. Wilson and Deputy Sheriff Neil Cockerman raided a 150-gallon still in the Woodell Mountain section of Randolph County, North Carolina. The distillery was set up and in operation with a fire under the boiler. Freeman was engaged in distillery operations, and fled when the officers arrived at the still. At the still the officers found 100 gallons of spent mash, 9 fifty-five gallon fermenters; 350 gallons of fermented mash, a 25-gallon wood cap, 7 gallons of non-taxpaid liquor, 3 cases of fruit jars, filtering equipment and other items used at a distillery. The whiskey was still warm, but it had already been filtered, and was ready to be put into jars or bottles. Freeman was arrested and taken back to the still, where he and the two officers sat down on the ground. Shortly thereafter, the appellant, Woodell, was seen approaching the still, and was in a path leading directly to the still. When a distance of about 175 feet from the still, he whistled. At the sound of the whistle, Sheriff Wilson crawled over behind the distillery, so as not to be seen. Appellant continued to walk toward the still, and when he was about 100 to 125 feet from the still he motioned toward Freeman with a "come here" motion several times. Officer Cockerman got up and

walked toward appellant. When he was within 10–15 feet from appellant, the latter started to run and threw down two clean fertilizer sacks of the type used in the mountain sections of Randolph County to carry whiskey away from stills. Whiskey at the still was ready to bottle and cap. After his arrest he told the officer that he had gotten a case of whiskey from the top of the mountain down to the road without ever setting it down. The still was located near the top of the mountain. He showed the officers a path leading from the still through a pasture field in the direction of his home, which cut the distance from the still to his home to about a quarter of a mile. This was the path on which he was first seen. He told the officers that if he had known who they were, they would not have caught him. Appellant testified that he was in the area of the still repairing a fence, and that he had asked the officers to go back with him to get his axe. The officers denied this, and stated that he had no tools with him when arrested.

 It is clear that there was sufficient evidence for the jury to find him guilty of carrying on the business of a distiller without having given bond as required by law. This is not a case where the only evidence against him was his presence at or near the still. In addition thereto, there was much evidence of a circumstantial and incriminating nature, connecting appellant personally with the liquor business. There was evidence: (1) of his attempt to get his associate, Freeman, away from the still by whistling and motioning to Freeman to come out to him; (2) his attempted flight when the officer approached him; (3) his attempt to get rid of two clean fertilizer sacks of the type used in that area to carry whiskey from stills; (4) that he lived closer to the still than anyone else; (5) that he showed the officers a path leading from the still to his house through a pasture field, a distance of only one-fourth mile, and that he was on this path coming to the still when arrested; (6) that he told the officers that if he had known who they were they would not

have caught him; (7) his statement to the officers that he had carried whiskey from the top of the mountain (the still was near the top of the mountain) down to the road without setting it down; and (8) his statement, denied by the officers, and evidently disbelieved by the jury, to the effect that he was there to repair a fence and had asked the officers to go back with him to get his axe. These incriminating circumstances, connecting him with the whiskey business and this particular operation, corroborate and explain his presence at or near the still and would form the basis for a reasonable inference by the jury that he was guilty beyond any reasonable doubt of carrying on the business of a distiller, making and fermenting mash, as well as being the possessor of the still and the whiskey.

The contentions of appellant are wholly without merit. The sentence appealed from is accordingly affirmed.

Affirmed.