**UNITED STATES of America,
Appellee,**

v.

**William Hermann GODEL, Appellant.**

**No. 10140.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 7, 1966.

Decided May 20, 1966.

E. Waller Dudley, Alexandria, Va., for appellant.

C. V. Spratley, Jr., U. S. Atty., and Philip R. Monahan, Atty., Dept. of Justice (Fred M. Vinson, Jr., Asst. Atty. Gen., on brief), for appellee.

Before SOBELOFF and BELL, Circuit Judges, and BUTLER, District Judge.

BUTLER, District Judge:

In this appeal William Hermann Godel challenges his conviction for conspiracy and filing a false statement, in violation of 18 U.S.C.A. § 371 and 18 U.S.C.A. § 1001, respectively. In substance, the government contends that Godel, a government employee assigned to the Pentagon, conspired [1] with his co-defendant (John Archibald Wylie), another Pentagon official, to appoint fiscal agents within the Department of Defense from whom Godel and his codefendant later unlawfully borrowed government funds, which they converted to their own use, and thereafter

1. *Count 1* charged that Godel and his co-defendant, Wylie, conspired from about May 29, 1961, to November 6, 1963, to violate 18 U.S.C.A. §§ 641, 287, and 1001, and to defraud the United States of money and property in violation of 18 U.S.C.A. § 371. It was alleged that, as part of the conspiracy, Wylie, the Director of Budget and Finance in the Office of the Secretary of Defense, appointed certain officers of the United States armed forces as "Class A Agents" who were authorized to draw government funds for use in confidential enterprises of the United States; that Wylie and Godel, the Deputy Director of the Advanced Research Projects Agency (ARPA), another unit in the Office of the Secretary of Defense, thereafter obtained portions of these funds, issued hand receipts to the Class A Agents, falsely stating that the moneys so obtained were to be used for official expenses, and converted such funds to their own use; and that the defendants later caused these officers to be reimbursed out of government funds by submitting false vouchers and documents on the basis of which Treasury reimbursement checks were issued.

submitted false statements [2] in an effort to conceal the conversions.

Godel, tried with Wylie, was found guilty by a jury in Alexandria Division of the United States District Court for the Eastern District of Virginia. His motions for judgment of acquittal and for a new trial were both denied, and he was sentenced to five years in prison on each of the two counts, the sentences to run concurrently. He asks this court to set aside his conviction and enter a judgment of acquittal, or, in the alternative, grant him a new trial.

Godel lists eighteen assignments of error and concludes with a request that, if the conviction is sustained, this court either vacate or reduce the sentences, on the theory that the sentences imposed are unfairly harsh under the circumstances. We find no reversible error in the trial and deem ourselves without authority to alter the sentences imposed. The conviction and sentences are therefore affirmed.

In arriving at this conclusion, the court has considered Godel's assignments of error in the order in which they appear in his brief. For purpose of convenience we dispose of them in the same order here.

■ The record is replete with testimony and exhibits refuting Godel's contention that the evidence is insufficient to sustain a conviction on the conspiracy count. A conspiracy "need not be proved by direct evidence; a common purpose and plan may be inferred from a 'development and collocation of circumstances'". Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), Harris v. United States, 283 F.2d 923 (4 Cir. 1960). The jury could reasonably infer from the facts and circumstances relating to the numerous transactions between Godel, Wylie, and the Class A Agents that the defendants acted with a mutual understanding as to the unlawful purpose to be accomplished, and that they cooperated and acted together in the accomplishment of that purpose.

■ As was said in Phelps v. United States, 160 F.2d 858, 867–868 (8 Cir. 1947):

"It is not for us, on an appeal from a conviction to weigh the conflicting facts, circumstances and inferences of the trial proceedings, but only to consider whether the evidence in its most favorable aspect to the Government is legally capable of allowing a jury to become persuaded of guilt."

Godel's contention that the evidence is insufficient to sustain a conviction on the false statement count is without merit. The government's evidence is to the effect that a $10,000 Treasury reimbursement check was issued to Godel and that he converted the money to his personal use rather than for "confidential" projects in Vietnam as Godel contended. The government's proof on this count is not so lacking as to cause this court to upset the jury finding as unsupported by the evidence. On the contrary, the evidence clearly supports the verdict.

■ Godel's motion for a severance was properly denied. Godel does not object to the joinder with Wylie on the conspiracy count; rather, he contends that the court should have granted a severance of the substantive counts. Severance is not a matter of right where two defendants "are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Rule 8(b), Fed.R.Crim.P. Here, Godel and Wylie are charged in the first count with conspiracy involving a series of acts relating to embezzlement of public money, filing false claims, and making false statements in matters affecting the government. Overt act No. 5 in the conspiracy count charges that on or about July

2. *Count 5* charged Godel alone with having made a false and fraudulent statement in a matter within the jurisdiction of the Department of Defense, to wit, a statement submitted July 21, 1961, to the effect that $10,000 had been obligated for certain confidential projects in Vietnam, in violation of 18 U.S.C.A. § 1001.

21, 1961, Godel submitted a written memorandum to the co-defendant Wylie (an official of the Department of Defense) that Godel's office had obligated $10,000 for certain confidential projects. Count 5 charges Godel with the substantive offense of making the same false statement on the same date as overt act No. 5. The indictment taken as a whole must be construed as charging the defendants with participation in the same acts or transactions even though Count 5 does not in terms charge participation by the defendant Wylie. United States v. Welsh, 15 F.R.D. 189 (D.C.D.C.1953). It is not required that all defendants be charged in each count. Rule 8(b), Fed. R.Crim.P., Schaffer v. United States, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960). Where codefendants are charged with separate substantive offenses, the substantive counts are not misjoined where the conspiracy count, the connecting link of the substantive counts, is proved. United States v. Wright, 309 F.2d 735 (7 Cir. 1962).

Godel contends that, because he was *acquitted* on charges of embezzling portions of the $10,000 with respect to which he was *convicted* of filing a false statement under Count 5, the two verdicts are inconsistent and the latter should be set aside. This view overlooks the fact that the mere filing of a false statement constitutes an offense under the statute. Loss or damage to the government is not an essential element of the crime. Morgan v. United States, 301 F.2d 272 (9 Cir. 1962). Moreover, an acquittal on one count of an indictment cannot be pleaded as res judicata of other counts in the same indictment. United States v. Woodell, 285 F.2d 316 (4 Cir. 1960), United States v. Freeman, 286 F. 2d 262 (4 Cir. 1961).

Godel contends the court erred in reserving its ruling on the motion for acquittal made at the close of the government's case. Although the trial judge did not speak precisely, we feel that the context of his remarks makes clear that the court was denying the motion for acquittal subject to the right of Godel to renew it at the close of all the evidence. But even if a ruling on defendant's motion was reserved, error cannot be considered prejudicial where the government's evidence at the time motion for acquittal is made is sufficient to present a jury question as to defendant's guilt. Weathers v. United States, 322 F.2d 566 (9 Cir. 1963).

Godel's contention that he was denied a fair trial by the manner and extent to which the district judge interrogated the defendant and witnesses is without merit. We agree with appellee's view that:

> "In none of the instances, relied on by Godel, of participation by the judge in the proceedings, viewed singly or collectively, were the bounds or propriety or impartiality overstepped, nor in any way was he motivated by any purpose other than to understand the testimony himself, to make sure that the jury also understood, to develop points which he thought had been inadequately explored by counsel, or to keep the trial of this highly complex case from getting bogged down in a morass or inconsequential detail."[3]

A trial judge, who is after all "the only disinterested lawyer connected with the proceeding", has the duty to help make clear to the jury the facts and circumstances pertinent to the case. "He should not hesitate to ask questions for the purpose of developing the facts; and it is no ground of complaint that the facts so developed may hurt or help one side or the other." Simon v. United States, 123 F.2d 80, 83 (4 Cir. 1941). We feel that the trial judge did not exceed the bounds of permissible inquiry in this case.

Finally, the defendant's contention that the concurrent sentences of five years imprisonment on each of two counts is excessively harsh is without merit. We have recently reaffirmed "the well established principles that we have no

---

3. Brief for Appellee, pp. 30–31.

power, in the absence of the most exceptional circumstances, to review a sentence which is within limits allowed by statute * * * and unless or until the Congress or the Supreme Court has spoken to the contrary we are disposed to follow our established precedent." United States v. Pruitt, 341 F.2d 700 (4 Cir. 1965).

The concurrent sentences imposed in this case are within the statutory limits and we are not persuaded that exceptional circumstances exist to justify a review by this court.

We have considered appellant's remaining assignments of error and find them to be without merit.

Affirmed.