COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, McClanahan and Senior Judge Coleman
Argued at Richmond, Virginia


ROBERT LEE WILLIAMS, JR.

                                                MEMORANDUM OPINION* BY
v.        Record No. 1842-02-2               JUDGE ELIZABETH A. McCLANAHAN
                                                    DECEMBER 30, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Pamela S. Baskervill, Judge

Mary K. Martin (Eliades & Eliades, on brief), for appellant.

Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Robert Lee Williams, Jr. (Williams) appeals convictions for possession with intent to

distribute marijuana and conspiracy to distribute more than one-half ounce, but less than five

pounds of marijuana, in violation of Code §§ 18.2-248.1 and 18.2-256. Williams contends that

the trial court erred in (1) denying a motion to suppress the evidence, and (2) finding that the

evidence was sufficient to sustain convictions for possession with intent to distribute marijuana

and conspiracy to distribute marijuana. For the reasons that follow, we affirm the trial court.

I. Background

On October 19, 2001, City of Petersburg police conducted a narcotics surveillance

operation at 1235 Halifax Street in Petersburg, the home of Williams' father. Williams did not

live at the house, but was a frequent guest. Williams and codefendant Baron Brown (Brown)

were observed outside the residence along with five or six other people.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

From a distance of approximately twenty-five feet, a detective watched Williams walk from the front of the house to the porch at the side of the house. Williams was then observed sitting on the side porch with a brown paper bag that he had removed from inside a tin container. He was removing marijuana from the paper bag, and placing it into several (nine to ten), smaller, clear plastic bags. After filling the small plastic bags, Williams was seen placing them into a small paper bag, which he enclosed in the tin container along with the larger paper bag filled with marijuana. Williams then placed the tin container into a city trash can that was located near the porch, entered the house through the rear door, and re-emerged on the front porch.

During and after the time Williams was dividing the marijuana on the side porch, Brown was observed in front of the residence, engaging in hand-to-hand transactions with passersby that the detectives testified, based on their experience and training, were drug sales. Brown was then observed walking to the side porch, opening the same trash can, retrieving the same tin container with the paper bag of marijuana, and bagging the marijuana into smaller clear plastic bags, in the same manner as Williams. Williams was not observed engaging in any hand-to-hand transactions.

Brown walked to the front yard with the large paper bag containing the marijuana and showed it to Williams, who then was sitting in the passenger seat of a vehicle. Williams and Brown were observed conversing. Brown then walked back to the side of the house and replaced the bag in the trash can. Williams left in the vehicle.

At that point, three detectives moved toward the house and detained Brown and the other five or six people present at the residence. While they conducted a protective sweep of the area, two of the police pursued Williams, and one pursued Williams' father, who had left the residence while it was under surveillance. Another officer was dispatched to obtain a search warrant. Testimony at trial revealed that the events proceeded very quickly. Two of the people at the

residence fled inside the house, while one was seen standing next to the trash can, smoking a marijuana cigarette. One of the detectives went to the side of the house, arrested the person standing there and seized the evidence in the trash can. The detective then locked the evidence in his car. Very shortly thereafter, the two persons who had entered the residence were caught running out the rear door.

Subsequently, Williams was arrested and advised of his Miranda rights. He admitted to police that he had bagged at least nine bags of marijuana and put them in the trash can. Williams also told the detective that the marijuana in the trash can was not his.

Williams moved to suppress the marijuana evidence, contending that it was illegally seized without a warrant. The trial court denied the motion. It found that events transpired very quickly, that exigent circumstances supported a warrantless seizure, and that Williams did not have standing to challenge the search because he relinquished, disclaimed and abandoned the property and had no expectation of privacy in the city trash can at his father's residence.

At trial, Williams argued that the evidence was insufficient to prove intent or conspiracy to distribute the marijuana. The trial court found that the totality of the circumstances and evidence supported a conviction of guilt with respect to intent and conspiracy to distribute.

## II. Analysis

### A. Motion to Suppress

On appeal from a denial of a suppression motion, we examine the evidence in the light most favorable to the Commonwealth, giving it the benefit of any reasonable inferences. Bass v. Commonwealth, 259 Va. 470, 475, 525 S.E.2d 921, 924 (2000); Sabo v. Commonwealth, 38 Va. App. 63, 69, 561 S.E.2d 761, 764 (2002). In reviewing a trial court's denial of a motion to suppress, the burden is upon the appellant to show that the ruling constituted reversible error. McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*) (citing

Ornelas v. United States, 517 U.S. 690, 699 (1996)).  "'Ultimate questions of reasonable suspicion and probable cause to make a warrantless search' involve questions of both law and fact and are reviewed *de novo* on appeal."  Id. (quoting Ornelas, 517 U.S. at 691).  However, "we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers."  McGee, 25 Va. App. at 198, 487 S.E.2d at 261 (citing Ornelas, 517 U.S. at 699).  Here, accepting the facts as found by the trial judge, we hold that the evidence was lawfully seized.

The Fourth Amendment provides against unreasonable searches and seizures.  It "does not proscribe all seizures, only those that are 'unreasonable.'"  Hodnett v. Commonwealth, 32 Va. App. 684, 690, 530 S.E.2d 433, 436 (2000) (quoting Welshman v. Commonwealth, 28 Va. App. 20, 30, 502 S.E.2d 122, 126-27 (1998) (*en banc*)); see also Hamlin v. Commonwealth, 33 Va. App. 494, 499, 534 S.E.2d 363, 365 (2000).  From a public street, approximately twenty-five feet from the residence, the officer saw Williams and Brown separately package marijuana.  An officer's observation of what is taking place in public view "generally involves no Fourth Amendment search . . . ."  Texas v. Brown, 460 U.S. 730, 739 (1983).  Under the Fourth Amendment, police do not need justification to access property when it is left in a public place.  Id. at 738 n.4.  Thus, the initial observation of the defendant's public activities did not intrude upon any protected right of privacy under the Fourth Amendment.

As to the warrantless seizure of marijuana, we find no violation of Williams' Fourth Amendment rights.  During and after the time Williams was dividing the marijuana on the side porch, Brown was observed in front of the residence, engaging in hand-to-hand transactions with passersby that the detectives testified, based on their experience and training, were drug sales.  Brown was then observed walking to the side porch, opening the same trash can, retrieving the

same tin container with the paper bag of marijuana, and bagging the marijuana into smaller clear plastic bags, in the same manner as Williams. Testimony at trial revealed that when the police moved in to stop the drug sales and arrest Williams and Brown, the events proceeded very quickly. Two of the people at the residence fled inside the house, while one was seen standing next to the trash can, smoking a marijuana cigarette. One of the detectives went to the side of the house, arrested the person standing there and seized the evidence in the trash can. The detective then locked the evidence in his car. Very shortly thereafter, the two persons who entered the residence were caught running out the rear door.

Under these facts, the officers were armed with probable cause to arrest defendant and seize the marijuana. There was no need to obtain an arrest or search warrant because the police faced exigent circumstances such that the person standing next to the trash can or the two persons fleeing out the back door could have attempted to destroy the marijuana. Exigent circumstances justify a warrantless search or seizure when "the police have probable cause to obtain a search warrant but, due to the nature of the situation, are precluded from doing so." Servis v. Commonwealth, 6 Va. App. 507, 514-15, 371 S.E.2d 156, 159 (1988). Seizing and securing the marijuana at this point was not only constitutionally permissible, it was proper police procedure. Accordingly, we affirm the trial court's ruling on the motion to suppress.

## B. Sufficiency of the Evidence

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987). "'In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Watkins v. Commonwealth, 26 Va. App. 335,

348, 494 S.E.2d 859, 866 (1998) (quoting Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988)).

When considering on appeal the sufficiency of the evidence presented below, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002) (citations omitted); see also McGee, 25 Va. App at 197-98, 487 S.E.2d at 261. Thus, we do not "substitute our judgment for that of the trier of fact." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

Code § 18.2-248.1 provides that "it shall be unlawful for any person to sell, give, distribute or possess with intent to sell, give or distribute marijuana." To prove possession with intent to distribute where a case is lacking direct evidence of drug distribution, intent must be shown by circumstantial evidence. Servis, 6 Va. App. at 524, 371 S.E.2d at 165. "Circumstantial proof of a defendant's intent includes the quantity of the drugs discovered, the packaging of the drugs, and the presence or absence of drug paraphernalia." Shackleford v. Commonwealth, 32 Va. App. 307, 327, 528 S.E.2d 123, 133 (2000) (citations omitted), aff'd, 262 Va. 196, 547 S.E.2d 899 (2001).

"Circumstantial evidence is not viewed in isolation." Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003); see also Stamper v. Commonwealth, 220 Va. 260,

- 6 -

273, 257 S.E.2d 808, 818 (1979); <u>Karnes v. Commonwealth</u>, 125 Va. 758, 764, 99 S.E. 562, 564 (1919); <u>Pease v. Commonwealth</u>, 39 Va. App. 342, 360, 573 S.E.2d 272, 280 (2002) (citing <u>Derr v. Commonwealth</u>, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991)). "'While no single piece of evidence may be sufficient, the "combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion."'" <u>Id.</u> at 360, 573 S.E.2d at 280-81 (quoting <u>Derr</u>, 242 Va. at 425, 410 S.E.2d at 669). On this basis, and viewing the evidence in the light most favorable to the Commonwealth, we find no error in the trial court's determination that the Commonwealth's evidence proved the essential elements of the crimes at issue beyond a reasonable doubt.

Here, Williams was observed packaging marijuana from a large bag into numerous smaller clear bags. Brown was also seen repackaging marijuana from the same source in a similar manner and selling it to passersby. Williams was present during the observed sales. He also admitted to repackaging the marijuana. Even though he claimed that the marijuana in the trash can was not his, the trial court was entitled to reject that evidence as an attempt to conceal guilt. <u>Carter v. Commonwealth</u>, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982) (citing <u>Black v. Commonwealth</u>, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981)). Accordingly, we find that the evidence was sufficient to support the trial court's determination of guilt beyond a reasonable doubt that Williams possessed marijuana with the intent to distribute it.

Conspiracy to distribute marijuana based on Code § 18.2-256 requires "'an agreement between two or more persons by some concerted action to commit an offense.'" <u>Wright v. Commonwealth</u>, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982) (quoting <u>Falden v. Commonwealth</u>, 167 Va. 542, 544, 189 S.E. 326, 327 (1937)). Proof of the agreement may be made by circumstantial evidence. <u>Id.</u> "[A] common purpose and plan may be inferred from a 'development and collocation of circumstances.'" <u>United States v. Godel</u>, 361 F.2d 21, 23 (4th

Cir. 1966) (quoting <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942)); <u>see also</u> <u>McQuinn v Commonwealth</u>, 19 Va. App. 418, 425, 451 S.E.2d 704, 708 (1994) <u>aff'd en banc</u>, 20 Va. App. 753, 460 S.E.2d 624 (1995). In fact, conspiracy "often may be established only by indirect and circumstantial evidence." <u>Floyd v. Commonwealth</u>, 219 Va. 575, 580, 249 S.E.2d 171, 174 (1978).

> Where, as here, it has been shown that the defendants "by their acts pursued the same object, one performing one part and the others performing another part so as to complete it or with a view to its attainment, the [fact finder] will be justified in concluding that they were engaged in a conspiracy to effect that object."

<u>Brown v. Commonwealth</u>, 10 Va. App. 73, 78, 390 S.E.2d 386, 388 (1990) (quoting <u>Amato v. Commonwealth</u>, 3 Va. App. 544, 552, 352 S.E.2d 4, 9 (1987)). Williams and Brown were each observed, within minutes of each other, packaging marijuana from the same bag into similar small clear bags. Williams was present while Brown conducted hand-to-hand sales of drugs at the front of the residence. Williams and Brown were also observed conversing while Brown showed Williams the bag of marijuana from which they had both been seen packaging quantities into small bags. Accordingly, we find that the evidence was sufficient to support the trial court's determination of guilt beyond a reasonable doubt that Williams conspired with Brown to distribute marijuana.

## III. Conclusion

We conclude that the trial court did not err in denying Williams' motion to suppress the evidence, and did not err in finding that the evidence was sufficient to sustain convictions for both possession with intent to distribute marijuana and conspiracy to distribute marijuana. Therefore, we affirm the convictions.

<u>Affirmed.</u>