UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Malveaux and Senior Judge Annunziata
Argued at Norfolk, Virginia


CALVIN EUGENE CLARK, JR.

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1579-17-1                      JUDGE ROSEMARIE ANNUNZIATA
                                                    SEPTEMBER 25, 2018
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                             Stephen C. Mahan, Judge

             Annette Miller, Senior Trial Attorney (Office of the Public Defender,
             on brief), for appellant.

             Brittany A. Dunn-Pirio, Assistant Attorney General (Mark R.
             Herring, Attorney General, on brief), for appellee.


        Appellant was convicted in a bench trial of five offenses — grand larceny and conspiracy

to commit grand larceny at a Home Depot on July 1, 2016;[1] grand larceny at Lowe's on July 7,

2016, and July 16, 2016; and robbery at Lowe's on August 12, 2016.  He argues on appeal that

the evidence did not sufficiently identify him as the perpetrator of the crimes and that there was

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The indictment for this charge stated that the offense occurred at Lowe's, but evidence
presented at trial showed that it took place at Home Depot.  Although Code § 19.2-231 would
have allowed amendment of the indictment at trial before the court found appellant guilty, the
record does not show that either the parties or the trial court noticed the discrepancy, nor was it
raised as an issue on appeal.  Accordingly, the issue is waived.  See Wolfe v. Commonwealth,
265 Va. 193, 224, 576 S.E.2d 471, 489 (2003) (stating that "generally a defendant must
challenge the sufficiency of an indictment before the jury's verdict, or the alleged defect is
waived"); see also Sutphin v. Commonwealth, 61 Va. App. 315, 734 S.E.2d 725 (2012) (finding
that where defendant was charged with perjury under Code § 18.2-435, but the parties and the
trial court proceeded as though he had been charged with perjury under Code § 18.2-434,
defendant's assignment of error on appeal challenging the sufficiency of the evidence to prove
him guilty of Code § 18.2-434 was "irrelevant" to his conviction for violating Code § 18.2-435).

no evidence of an agreement to support the conspiracy charge. Finding no error, we affirm his convictions.

## BACKGROUND

### Grand Larceny and Conspiracy at Home Depot on July 1, 2016

Testimony from witnesses and the store's surveillance videos showed that on July 1, 2016, appellant entered a Home Depot store in Virginia Beach and proceeded to the rear of the hardware department. An unidentified man ("co-conspirator"), who had entered the store before appellant, joined appellant and put a generator on a flat cart. The co-conspirator then walked away with the cart, followed by appellant. The two men walked down separate aisles in the hardware section, and appellant picked up a sander. The men then left the hardware section together, walking toward the lawn and garden area, but they soon returned to the hardware section. The co-conspirator handed a sander to appellant, who placed the item on the cart. The co-conspirator stayed with the cart while appellant selected additional merchandise. Several minutes later, the two men returned to the main aisle where appellant grabbed a tiller and a trimmer. Appellant then took the loaded cart toward the check-out exit for contractors, and the co-conspirator walked out of the store.

Tiffany Rockett, an assistant store manager stationed at an exit, saw appellant moving quickly with several expensive items on his cart. She stopped appellant and asked to see his receipt. Appellant began to fidget and fumble as though he were looking for a receipt. When Rockett put her hand on appellant's cart, he pulled the cart away. Rockett again asked for his receipt. Another employee, Juan Osoreo, approached. Appellant said that they were only asking for the receipt because he was "black." Appellant then pulled the cart with the merchandise out of the store without paying for it. Osoreo used his phone to film appellant leaving the premises.

Rockett alerted Jason Brackley, the multi-store asset protection manager, of the theft. Brackley saw appellant pushing a cart of merchandise from the contractor loading area into the parking lot. The items on the cart included a Honda generator, a Honda tiller, an Echo trimmer, and a sander; the total value of the stolen items was $1,566. Brackley, Osoreo, and Rockett watched appellant and the co-conspirator load the items into a Honda Accord. The co-conspirator then drove the car out of the parking lot.

In September 2016, Rockett was shown a photo array of six pictures, one of which included appellant. When she first reviewed the pictures, she said "maybe" when she saw appellant's photo. Reviewing the array a second time, she said about appellant's photo, "I think that's him. I believe this is the one." Rockett explained at trial that when she saw the photo array she was suffering from a tumor that affected her vision. At trial, she positively identified appellant as the person who had stolen merchandise on July 1, 2016. Rockett specifically noted appellant's height and nose as identifying features. Osoreo and Brackley also positively identified appellant at trial as the thief.

### Grand Larceny at Lowe's on July 7, 2016

After a series of thefts occurred at various Home Depot and Lowe's stores in the area during July and August 2016, a network of loss prevention officers at the stores shared information about the suspected thief. The suspect was described as an African-American male, approximately six feet, three inches tall, 230 pounds, and wearing a hat, sunglasses, and a black shirt. On July 7, 2016, Joshua Janney, the loss prevention officer at Lowe's, reviewed surveillance footage from his store after learning that a theft had occurred earlier that day at the store. The video showed appellant entering the store through the main entrance. He wore a black shirt, black pants, a "bucket" or "fishing" hat, and sunglasses. Appellant went to the lawn and garden section, then to the chainsaw and backpack blower aisle, and next was seen with "at

least six" Husqvarna chainsaws and "several" Husqvarna backpack blowers on his cart. Appellant walked out of the store without paying, but he showed an employee a piece of paper that was not a Lowe's receipt. Janney determined from reviewing the store inventory that the merchandise seen on appellant's cart had not been sold. The value of the stolen items was $3,047.

### Grand Larceny at Lowe's on July 16, 2016

On July 17, 2016, Janney reviewed the store's surveillance footage from the previous day. The video showed appellant, wearing a black ball cap with a red bill, entering the store through the lawn and garden section. Eventually, he went to the chainsaw aisle, loaded his cart with chainsaws, and left via the lawn and garden exit without paying for the items. Janney confirmed through the store inventory that eight chainsaws and one backpack blower, totaling $3,047, had not been sold.

At trial, Janney positively identified appellant as the thief on both July 7, 2016 and July 16, 2016. Janney had seen appellant in person in the store's paint department on the Sunday before July 16, 2016. Janney noted that appellant wore the same hat on both July 16, 2016 and the previous Sunday. Janney also compared the similarity of appellant's physical characteristics, including his height, flat nose, and manner of walking, from seeing him face-to-face and in the surveillance videos.

### Robbery at Lowe's on August 12, 2016

On August 12, 2016, Janney was notified that a man was loading a cart with merchandise. Janney briefly observed appellant on the store's surveillance video cameras before going onto the floor of the store where he continued to monitor appellant's movements. Employees had been alerted of a possible theft in progress. When appellant approached the exit in the lawn and garden section, an employee, Wilmaris Robles, asked him for a receipt.

Appellant flashed a piece of paper that resembled a receipt and said, "You don't need to see my receipt." Janney then asked appellant to show his receipt to another employee, Jessie Rodriguez. Appellant refused to comply and started waving a box cutter. Appellant said several times, "If any of you mother fuckers touch me, I swear to God!" Janney believed that appellant intended to harm the persons who were in the area and instructed them to step back. Appellant left the store, loaded a vacuum cleaner and a carpet steamer into his car, and drove away. The total value of the stolen merchandise was $1,198.84.

Janney positively identified appellant at trial as the person who committed the August 12, 2016 offense. Janney said that he was within three to four feet of appellant and "absolutely" had a good look at his face. He recalled that appellant was wearing a black shirt and sunglasses, but was not wearing a hat. Robles and Rodriguez also identified appellant at trial. Robles said that she had a "pretty good look" when she was facing him for two or three minutes. Rodriguez testified that he had observed appellant for one to two minutes and had focused on his face for three-fourths of that time and on the weapon for one-fourth.

## ANALYSIS

The evidence established appellant's identity as the person who committed the offenses.

The Commonwealth must prove "the identity of the accused as the perpetrator beyond a reasonable doubt." Blevins v. Commonwealth, 40 Va. App. 412, 423, 579 S.E.2d 658, 663 (2003). When the sufficiency of the evidence is challenged on appeal, this Court considers the evidence in the light most favorable to the Commonwealth, the prevailing party below, and reverses the judgment of the trial court only when its decision is plainly wrong or without evidence to support it. See Farhoumand v. Commonwealth, 288 Va. 338, 351, 764 S.E.2d 95, 102 (2014).

Appellant argues on appeal that the identification evidence failed to prove that he committed the offenses. "[W]hether an identification is reliable 'depends on the totality of the circumstances.'" Satcher v. Commonwealth, 244 Va. 220, 250, 421 S.E.2d 821, 839 (1992) (quoting Stovall v. Denno, 388 U.S. 293, 302 (1967)). "The factors set forth in Neil v. Biggers, 409 U.S. 188 (1972), are used to determine 'whether the identification evidence is sufficient, standing alone or in combination with other evidence, to prove beyond a reasonable doubt' the identity of the perpetrator." Cuffee v. Commonwealth, 61 Va. App. 353, 364, 735 S.E.2d 693, 698 (2013) (quoting Brown v. Commonwealth, 37 Va. App. 507, 522, 559 S.E.2d 415, 423 (2002)).

> [T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Id. at 364, 735 S.E.2d at 698-99 (quoting Biggers, 409 U.S. at 199-200). Applying those factors here, we hold that the totality of the evidence established that the identification evidence was sufficiently reliable to prove that appellant was the thief.

Appellant's trial was held in February 2017, within six to eight months of the offenses. The three employees who had seen appellant commit the offenses on July 1, 2016, at Home Depot all identified appellant as the perpetrator, based on their face-to-face interactions with him. The employees had the opportunity to view the thief when the crime occurred, they were focused on appellant when he left the store with the stolen merchandise, and they were confident in their identifications at trial. See Biggers, 409 U.S. at 199-200.

Rockett, the employee who stopped appellant to check his receipt, specifically noted appellant's height and nose as identifying features. She explained that she had been uncertain initially when viewing the photo array because she had had a tumor that affected her vision, but

she expressed no doubt at trial when identifying appellant as the thief. See Charity v. Commonwealth, 24 Va. App. 258, 263, 482 S.E.2d 59, 61 (1997) (holding that the victim's identification of the defendant was reliable where she identified him as her assailant in a lineup seven months after he broke into her house and again five months later at trial).

Osoreo identified appellant at trial without hesitation, noting that he recognized his facial features and height. Osoreo based his positive identification of appellant on having observed him face-to-face for thirty seconds from two feet away. See id. (holding that the victim's identification of the defendant was reliable where she had observed the intruder for seventeen seconds and had come within ten feet of him after he had entered her house).

Brackley observed appellant leave the store, load the stolen items into his car, get into his car, exit his car to move a cart, and then drive away. Brackley testified that he had "really focused on [appellant's] face" and was "one hundred percent positive" that appellant was the person he saw on July 1, 2016. See Cuffee, 61 Va. App. at 364-66, 735 S.E.2d at 699 (finding that the identification evidence sufficiently proved that defendant was the shooter).

There also was ample evidence to support the trial court's finding that appellant had committed the larcenies at Lowe's on July 7, 2016 and July 16, 2016. Janney, the loss prevention manager, positively identified appellant as the thief from the surveillance videos on those dates. Janney had seen appellant in the store's paint department on the Sunday before July 16, 2016, and he recognized that appellant had worn the same hat on that Sunday and July 16, 2016. Janney noted that specific characteristics of the thief — his height and the way he walked — were similar in all the videos.

Three eyewitnesses identified appellant as the person who had robbed Lowe's on August 12, 2016. The evidence established the reliability of their identifications because the witnesses had sufficient opportunity to view appellant when the crime occurred, the witnesses were

attentive to details about the robber's physical characteristics and clothing, and were certain of their identifications at trial. See Biggers, 409 U.S. at 199-200.

Robles testified that she had a "pretty good look" at appellant when she asked him for a receipt. Rodriguez interacted with appellant for one to two minutes, during which time he focused primarily on appellant's face, and he identified appellant at trial without hesitation.

Janney observed appellant on the surveillance cameras for thirty seconds before going onto the floor of the store where he continued to monitor appellant's movements. Janney was three to four feet from appellant when appellant began waving a box cutter and yelling veiled threats at employees after they had asked to see his receipt for the items on his cart. Janney testified that he "absolutely" had a good look at appellant's face and was able to accurately describe what the perpetrator was wearing. See Cuffee, 61 Va. App. at 364-66, 735 S.E.2d at 699.

Inconsistencies in the eyewitnesses' testimony[2] "do not render their identifications unreliable." Id. at 366, 735 S.E.2d at 699. The trial court, sitting as the fact finder, heard the witnesses' testimony and found it credible. "[D]etermining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact." Parham v. Commonwealth, 64 Va. App. 560, 565, 770 S.E.2d 204, 207 (2015); see Commonwealth v. McNeal, 282 Va. 16, 22, 710 S.E.2d 733, 736 (2011) (fact finder is entitled to resolve any conflicts in the evidence). The trial court also viewed the surveillance videos. The court concluded from all the evidence that appellant's identity as the perpetrator was proved beyond a reasonable doubt. The court's judgment was not plainly wrong or lacking in supporting

---

[2] With regard to the August 12, 2016 robbery at Lowe's, Robles testified that appellant wore a "do-rag," Rodriguez stated that appellant wore a hat, and Janney said that appellant did not wear a hat that day. The surveillance video did not show appellant wearing a hat.

evidence.  See Cuffee, 61 Va. App. at 364-66, 735 S.E.2d at 699; Currie v. Commonwealth, 30

Va. App. 58, 73-74, 515 S.E.2d 335, 342-43 (1999).

The evidence established that appellant conspired with another person<br>to commit grand larceny at Home Depot on July 1, 2016.

Appellant contends that the evidence was insufficient to prove him guilty of conspiracy

because there was no evidence of an agreement between him and the unidentified man seen with

him at Home Depot on July 1, 2016.  We consider the evidence in the light most favorable to the

Commonwealth, as it prevailed below, and reverse the judgment of the trial court only if it is

plainly wrong or lacks supporting evidence.  See Farhoumand, 288 Va. at 351, 764 S.E.2d at

102.

Conspiracy requires an agreement to commit a crime.  See, e.g., Ramsey v.

Commonwealth, 2 Va. App. 265, 270-71, 343 S.E.2d 465, 469 (1986).  "An agreement requires

plurality of intent, a meeting of the minds."  Fortune v. Commonwealth, 12 Va. App. 643, 647,

406 S.E.2d 47, 49 (1991).  The evidence must establish that "the requisite intent existed as to at

least two persons," id. (quoting W. LaFave & A. Scott, Criminal Law § 461 (1972)), one of

whom must be the party charged, see Amato v. Commonwealth, 3 Va. App. 544, 553, 352

S.E.2d 4, 9 (1987).  The agreement need not be "explicit," however, and may be "established by

circumstantial and indirect evidence including the overt actions of the parties."  Jones v.

Commonwealth, 279 Va. 295, 301, 687 S.E.2d 738, 741 (2010); accord Johnson v.

Commonwealth, 58 Va. App. 625, 636, 712 S.E.2d 751, 756-57 (2011).

"[A] common purpose and plan may be inferred from a 'development and collocation of

circumstances.'"  Brown v. Commonwealth, 10 Va. App. 73, 78, 390 S.E.2d 386, 388 (1990)

(quoting United States v. Godel, 361 F.2d 21, 23 (4th Cir. 1966)); see Velez-Suarez v.

Commonwealth, 64 Va. App. 269, 279, 767 S.E.2d 715, 720 (2015) (affirming conspiracy

conviction where the evidence showed that defendant and a companion met at a bus stop and

then walked together through a department store, selecting items that they took into fitting rooms, where discarded security sensors were found later, and left the store separately without paying for the stolen items). When the evidence shows that the parties "by their acts pursued the same object, one performing one part and the others performing another part so as to complete it or with a view to its attainment, the [fact finder] will be justified in concluding that they were engaged in a conspiracy to effect that object." Amato, 3 Va. App. at 552, 352 S.E.2d at 9 (quoting 16 Am. Jur. 2d, Conspiracy § 42 (1979)); see Charity v. Commonwealth, 49 Va. App. 581, 587, 643 S.E.2d 503, 505-06 (2007) (holding that the evidence was sufficient to prove defendant guilty of conspiracy to escape from prison although there was no evidence of actual conversation between defendant and the other inmate, but their joint actions in attempting to escape supported the reasonable conclusion that they had an agreement to escape).

The evidence established that appellant and the unidentified man seen with him at Home Depot acted together to steal items from the store. The co-conspirator did not enter or leave the store with appellant, but as the trial court concluded, they engaged in "very intricate" movements while in the store, "specifically and quite deliberately" selecting items and placing them on a flat cart. Store employees saw the co-conspirator assisting appellant with putting the stolen items in a Honda Accord. The co-conspirator drove the car when he and appellant left the parking lot while a store employee recorded the scene. We find that the evidence sufficiently proved beyond a reasonable doubt that appellant was guilty of conspiracy.

For these reasons, we affirm appellant's convictions.

Affirmed.