Present: All the Justices

COMMONWEALTH OF VIRGINIA

                                                OPINION BY
v.  Record No. 032242                   JUSTICE G. STEVEN AGEE
                                                June 10, 2004
HUGO SANCHEZ


            FROM THE COURT OF APPEALS OF VIRGINIA

     The issue in this appeal is whether the Court of Appeals

erred in finding a defendant charged with felony hit-and-run

made a proffer sufficient to establish a particularized need for

public funds to permit an expert's testimony at trial regarding

DNA testing.

                 I.  FACTS AND BACKGROUND

     Hugo Sanchez ("Sanchez") was convicted in the Circuit Court

of Fairfax County of felony failure to stop after an accident,

in violation of Code § 46.2-894.  The primary dispute at trial

was the identification of the driver of the vehicle involved in

the accident.  The Commonwealth offered three items of evidence

implicating Sanchez: eyewitness testimony that Sanchez was

driving the car at the time of the accident, Sanchez'

identification as the individual who had forcibly stolen the car

from its true owner several days prior to the accident, and DNA

evidence taken from a blood sample from the interior of the

driver's door at the scene of the accident.

Several months prior to trial, Sanchez moved the trial court for funds to employ a DNA expert witness and a DNA expert investigator in order to evaluate the Commonwealth's DNA evidence and the process by which it was developed.[*] Sanchez represented to the trial court: "I'm not asking for expert fees to testify . . . I'm not asking for that because I haven't determined that that's appropriate. I'm asking for pretrial work . . . ." The trial court granted Sanchez' motion and allocated $3,000.00 to engage DNA consultants as he saw fit.

Ten days prior to trial, Sanchez filed a written motion with the trial court for additional funds for his DNA expert witness to testify. The written motion gave no description of the DNA expert's proposed testimony and did not contain allegations that the lack of that witness would be prejudicial to Sanchez. At the hearing on Sanchez' motion, Sanchez stated that his DNA expert's pretrial work had depleted the funds previously allotted and that additional funds were needed to secure the expert's testimony at trial.

The Commonwealth responded that Sanchez should specify why his expert's testimony was necessary and how it differed from that of the Commonwealth's DNA expert. Sanchez offered to provide information ex parte about his DNA expert's expected

---

[*] The Commonwealth did not contest that Sanchez was indigent and without funds to obtain the services of an expert witness.

testimony, but the trial court refused to conduct an ex parte hearing.  The trial court then told Sanchez that, without more, his motion for additional funds would be denied.  Sanchez then proffered that

> we [had the expert] go over the [DNA] documents from the state laboratory.  There are approximately — about four or five inches worth of documents that he has reviewed.  In that documentation, he has noticed that there were errors in the way that the DNA procedures were followed, that there were errors in the way the examination was done, which could have had a significant impact in the results of the DNA.
> So therefore the DNA results that the Commonwealth is going to put forward as being scientifically valid could be questioned, will be questioned, to an extent by our expert witness and therefore the Commonwealth's only other evidence, other than the DNA, which we submit would not be evidence that is credible, would be testimony of one witness who had admittedly [been using] cocaine and drinking alcohol.
> So it is certainly material for the defense as to whether Mr. Sanchez was in that car for those reasons.  His testimony is material to the defense.

The trial court denied Sanchez' motion for additional funds.  After a four-day jury trial, Sanchez was convicted and sentenced to four years in prison.

On appeal, Sanchez made multiple claims of error to the Court of Appeals, including the trial court's denial of his motion for additional funds so his DNA expert could testify.  Sanchez v. Commonwealth, 41 Va. App. 319, 328, 585 S.E.2d 327, 331 (2003).  The Court of Appeals held that the trial judge

abused his discretion in denying the request for additional funds but denied Sanchez relief on the other assignments of error. The Court of Appeals determined that Sanchez' proffer established a particularized need for the expert's services and that "failure to allot him the funds adversely affected his ability to rebut and challenge the Commonwealth's evidence." Id. at 339, 585 S.E.2d at 337. Finding that the error was not harmless beyond a reasonable doubt, the Court of Appeals remanded the case to the trial court. Id. We awarded the Commonwealth this appeal.

## II. ANALYSIS

In Husske v. Commonwealth, 252 Va. 203, 476 S.E.2d 920 (1996), this Court noted that an indigent defendant is not constitutionally entitled, at the state's expense, to all the experts that a non-indigent defendant might afford. Id. at 211, 476 S.E.2d at 925. All that is required is that an indigent defendant have " 'an adequate opportunity to present [his] claims fairly within the adversary system.' " Id. (quoting Ross v. Moffitt, 417 U.S. 600, 612 (1974)).

In Husske we held that

> an indigent defendant who seeks the appointment
> of an expert witness, at the Commonwealth's
> expense, must demonstrate that the subject which
> necessitates the assistance of the expert is
> "likely to be a significant factor in his
> defense," and that he will be prejudiced by the
> lack of expert assistance.

4

<u>Id.</u> at 211-12, 476 S.E.2d at 925 (citation omitted).  In that context, we specified that a defendant seeking the assistance of an expert witness "must show a particularized need" for that assistance.  <u>Id.</u>

It is the defendant's burden to demonstrate this "particularized need" by establishing that an expert's services would materially assist him in preparing his defense and that the lack of such assistance would result in a fundamentally unfair trial.  <u>Id.</u>; <u>accord</u> <u>Green v. Commonwealth</u>, 266 Va. 81, 92, 580 S.E.2d 834, 840 (2003).  We made clear in <u>Husske</u> and subsequent cases that "mere hope or suspicion that favorable evidence is available is not enough to require that such help be provided."  252 Va. at 212, 476 S.E.2d at 925 (internal quotation marks omitted).  Whether a defendant has made the required showing of particularized need is a determination that lies within the sound discretion of the trial court.  <u>Id.</u>, 476 S.E.2d at 926; <u>Lenz v. Commonwealth</u>, 261 Va. 451, 462, 544 S.E.2d 299, 305, <u>cert.</u> <u>denied</u>, 534 U.S. 1003 (2001); <u>Bailey v. Commonwealth</u>, 259 Va. 723, 737, 529 S.E.2d 570, 578 (2000).

The Court of Appeals found that the DNA evidence of Sanchez' expert was material to his defense, as evidenced by the trial court's initial appointment of a DNA expert, and that his "ability to challenge the validity of the Commonwealth's DNA

5

results was truncated by the trial court's denial of the additional funds." 41 Va. App. at 332, 585 S.E.2d at 333. The Court of Appeals then held that Sanchez' proffer "articulated a particularized need for additional funds to permit his expert to testify at trial and that the trial court abused its discretion in denying his motion." Id. at 331, 585 S.E.2d at 333. We disagree.

A review of Sanchez' proffer reflects that it rests only on conclusory assertions; nothing in his proffer is particularized. He represented to the trial court "that there were errors in the way that the DNA procedures were followed . . . which could have had a significant impact in the results of the DNA." (Emphasis added). Sanchez' counsel then stated, again in conclusory fashion, "therefore the DNA results that the Commonwealth is going to put forth as being scientifically valid could be questioned, will be questioned, to an extent." (Emphasis added). These statements are not "particularized" because they indicate nothing more than Sanchez' "hope or suspicion" regarding the availability of evidence favorable to him with respect to the DNA test results and procedures.

As a result, the trial court was left only to guess whether the unknown, unexplained potential testimony of Sanchez' expert would be a significant or material factor in his defense and, consequently, whether the lack of that testimony would prejudice

6

Sanchez.  His proffer makes no attempt to explain what particular procedural defects Sanchez' expert's review uncovered or in what particular respect the Commonwealth's expert was in error.  The trial court could not have known, nor can we discern from the record, whether the alleged errors pertained to the use of PCR analysis or simply whether the calculation of the probability of finding a DNA match should have been one in 2.7 billion instead of 2.8 billion.  When viewed in this light it is clear the proffer was unspecific and speculative and therefore not a showing of particularized need.  The conclusory statements of trial counsel, although made by an officer of the court, are insufficient to meet the Husske standard.

Furthermore, having expended the allotted funds on his DNA expert's review of the documentary evidence from the state laboratory, Sanchez was in a far better position to advise the trial court of that expert's proposed testimony than a defendant seeking an expert in the first instance.  The information needed to show with particularity why his DNA expert's testimony was required, if it existed, lay solely within Sanchez' purview and was not communicated to the trial court.  As a consequence, Sanchez failed to carry his burden of persuasion with respect to a particularized need for an expert witness on behalf of an indigent defendant.  We have previously rejected other defendants' proffers.  See e.g., Green, 266 Va. at 91-92, 580

7

S.E.2d at 840 (2003) (trial court did not abuse discretion in denying an investigator to a capital murder defendant to "locate essential witnesses and data, [and] examine and evaluate testimony and documents . . . likely to be significant at a capital murder trial."); Bailey, 259 Va. at 737, 529 S.E.2d at 578; George v. Commonwealth, 242 Va. 264, 271, 411 S.E.2d 12, 16 (1991), cert. denied, 503 U.S. 973 (1992).

Sanchez' failure to articulate a "particularized need" for his defense expert is, in and of itself, fatal to his claim on appeal. As a direct consequence, the trial court had no basis, other than pure speculation, to determine if Sanchez was prejudiced by the failure of the expert to testify. The trial court is not required to provide additional funds in such a circumstance.

### III. CONCLUSION

For the reasons set forth above, we find the Court of Appeals erred in reversing the trial court's judgment. The conclusory proffer in support of additional funds to secure expert testimony did not constitute a showing of "particularized need" and thus the trial court did not abuse its discretion in denying Sanchez' motion. The judgment of the Court of Appeals will be reversed and the defendant's conviction will be reinstated.

Reversed and final judgment.

8

JUSTICE KOONTZ, with whom JUSTICE LACY joins, dissenting.

I respectfully dissent. The principles of fundamental fairness and due process pertaining to an indigent defendant's opportunity to present an adequate defense at his trial ought never to be forfeited by placing form over substance in considering that defendant's request for expert assistance. In my view, the majority's critical analysis of the sufficiency of Hugo Alexander Sanchez' proffer to establish a "particularized need" for additional funds to secure expert testimony at his trial invokes a concern that such a forfeiture will be permitted to occur here under the particular circumstances of this case. Moreover, our decision in Husske v. Commonwealth, 252 Va. 203, 476 S.E.2d 920 (1996), upon which the majority principally relies, does not mandate or suggest the conclusion reached by the majority that Sanchez' proffer was insufficient.

The issue presented is narrow in scope, but of considerable significance. Consistent with the requirements of Husske, the trial court had previously granted Sanchez' request for funds to employ a DNA expert in order to evaluate the Commonwealth's DNA evidence against him. The expert evaluated that evidence and concluded, according to Sanchez, "that there were errors in the way that the DNA procedures were followed [by the Commonwealth's experts] . . . which could have had a significant impact in the results of the DNA [tests]." The expert, however, had depleted

9

the funds previously allotted for his services.  Sanchez then filed a motion with the trial court for additional funds for his expert to testify at his trial.  The trial court denied that motion.  The narrow issue to be resolved on appeal is whether Sanchez' proffer in support of his motion was sufficient under those circumstances to inform the trial court of his need for additional funds so that he could present his defense at trial.

No mystery surrounds the substance of Sanchez' proffer in support of his motion for additional funds.  The language of the proffer adequately advised the trial court that, in the opinion of Sanchez' expert, the Commonwealth's DNA evidence was faulty and Sanchez needed additional funds in order for this expert to testify in that regard at Sanchez' trial.  In short, it strains common sense that there could be any doubt that the trial court would not have understood that Sanchez needed additional funds to produce evidence in his defense which had been obtained as a result of the trial court's prior order.

Nevertheless, the majority concludes that Sanchez' proffer did not articulate a "particularized need" for his defense expert because it "rests only on conclusory assertions."  In support of this conclusion, the majority undertakes a critical analysis of the language of the proffer and notes that as formulated the assertions made by Sanchez are "unspecific and speculative" with regard to the errors in the Commonwealth's DNA

10

evidence.  Indeed, the majority suggests that Husske requires that Sanchez' proffer expressly detail the asserted error in the Commonwealth's DNA evidence.

Sanchez' motion and supporting proffer were made ten days prior to the trial.  Whether Sanchez' expert's allegations of error in the Commonwealth's analysis of the DNA evidence would ultimately be sufficient to create a reasonable doubt of Sanchez' guilt was not an issue.  Moreover, the trial court was not required "to guess" whether the testimony of Sanchez' expert would be "a significant or material factor in his defense and, consequently, whether the lack of that testimony would prejudice Sanchez."  Sanchez simply sought his day in court armed with his expert's testimony so that the trier of fact, either judge or jury, could resolve the issues surrounding the accuracy of the Commonwealth's DNA evidence.

While a constitutional issue invoking the Due Process Clause of the Fourteenth Amendment is not expressly raised in this case, the right of an indigent defendant, such as Sanchez, to the reasonable assistance of an expert at the state's expense arises from that constitutional provision as established in Ake v. Oklahoma, 470 U.S. 68, 77 (1985).  Our decision in Husske is premised upon the holding in Ake.  Husske, 252 Va. at 211-12, 476 S.E.2d at 925.  Accordingly, whatever lack of specificity the majority may properly fault in the form in which Sanchez

11

asserted his need for funds in order to have his expert testify at his trial should be considered in the light that fundamental fairness and due process principles are more significant.

For these reasons and for the reasons more fully expressed by the Court of Appeals in Sanchez v. Commonwealth, 41 Va. App. 319, 329-34, 585 S.E.2d 327, 331-34 (2003), I would affirm that Court's decision and remand this case to the trial court.