## CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia

v.

Karl William Melton, Jr.

September 7, 2007

Case No. CR07012980

BY JUDGE J. MICHAEL GAMBLE

I am writing to rule on the motion by the defendant for the appointment of a toxicologist. The motion is denied.

A defendant's right to the appointment of a non-psychiatric expert is not absolute. *Husske v. Commonwealth*, 252 Va. 203, 211-12, 476 S.E.2d 920 (1996). When a defendant seeks an appointment of an expert, the defendant must demonstrate that the expert is likely to be a significant factor in his defense and that he will be prejudiced by the lack of expert assistance. *Ake v. Oklahoma*, 470 U.S. 68, 82-83, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985). In *Husske*, the Supreme Court of Virginia held that the indigent defendant must demonstrate that the services of the expert would materially assist him in the preparation of his defense and the defendant must show a particularized need for the expert. *Husske*, 252 Va. at 212.

In the instant case, the defendant has failed to demonstrate a particularized need for the expert or how the expert would materially assist him in the preparation of his defense. In his motion and argument, the defendant generally asserts that a toxicologist would provide assistance to his defense and the toxicologist would establish that the breath test was not conducted in accordance with the required procedures. The defendant, however, has not set forth any particularized reason why the breath test procedures had not been followed and how this will be material to his defense.

Mere hope or suspicion that favorable evidence is available is not enough to require that an expert be appointed. The defendant has the burden to demonstrate his particularized need by establishing that the expert services would materially help him in preparing his defense. *Sanchez v. Commonwealth*, 268 Va. 161, 165, 597 S.E.2d 197 (2004). In this case, the defendant's request for the appointment of a toxicologist to assist him is based on a mere hope or suspicion that favorable evidence can be found. Certainly, nothing has been furnished that would establish that the lack of the assistance of an expert would result in a fundamentally unfair trial. See *Sanchez*, 268 Va. at 165.

## Order

For the reasons set forth in the opinion letter dated September 7, 2007, the court doth adjudge, order, and decree that the motion of the defendant for the appointment of a toxicologist is denied.