COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Petty and Alston
Argued at Richmond, Virginia


CHRISTOPHER DAVID WEISEL

                                                          MEMORANDUM OPINION* BY
v.        Record No. 0577-08-2                            JUDGE ROSSIE D. ALSTON, JR.
                                                          AUGUST 25, 2009

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                             John W. Scott, Jr., Judge

              Teresa L. Pagliaro (The Pagliaro Law Firm, on brief), for
              appellant.

              Eugene Murphy, Senior Assistant Attorney General (William C.
              Mims, Attorney General, on brief), for appellee.


        Christopher David Weisel was convicted in a jury trial of aggravated sexual battery, in

violation of Code § 18.2-67.3.  On appeal, he contends the trial court erred in refusing to grant

his motion to suppress photo identifications and in finding the evidence sufficient to support his

conviction.  We disagree and affirm the trial court's judgment and Weisel's conviction.

                                        I.  BACKGROUND

        "On appeal, we construe the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom."  Zoretic v. Commonwealth,

13 Va. App. 241, 242, 409 S.E.2d 832, 833 (1991) (citing Higginbotham v. Commonwealth, 216

Va. 349, 352, 218 S.E.2d 534, 537 (1975)).  We discard evidence favorable to the accused that

conflicts with the Commonwealth's evidence.  Wactor v. Commonwealth, 38 Va. App. 375, 380,

564 S.E.2d 160, 162 (2002).  Viewed by that standard, the evidence showed that on September

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

13, 2006, a ten-year-old girl (child) accompanied her family to a Target store located in Fredericksburg. At some point, child was alone in a toy aisle of the store looking at dolls. During this time, she looked up from the dolls and observed a white male standing at the end of the aisle. After observing the man for a few seconds, child returned her attention to the dolls. Shortly thereafter, the man walked toward child. As he walked by child, he touched her in the buttocks area. After the incident, the man quickly left the aisle and the store.

Child reunited with her family and told her father about the incident. Child described the suspect as wearing gray sweatpants, a blue shirt, dark brown hair, and approximately in his mid-thirties in age. In addition, she described that his shirt depicted the "Nike sign." Child and father searched for the man in the store. Within a few minutes, child and her family reported the incident to Target store security. Child's family and Target security personnel began searching the store for someone that matched child's description. Subsequently, child's mother located a man at the back of the store that might fit the description, but child confirmed that man was not the suspect. Child's family left the store and returned home.

Target personnel reported the incident to police. On September 14, 2006, child returned to the store with her parents to view a single photograph of an individual who matched child's description. The individual depicted in the photograph was Weisel. Child and her parents went to the store's security room with Tim Brennan, the Target store security officer. Brennan showed child the picture of Weisel and asked her if he was the suspect. After viewing the picture, child responded that the man in the photograph was the same man who touched her the previous day. Fredericksburg Police Officer D. Labbe was present in the security room when child made the identification.

On September 26, 2006, Fredericksburg Police Detective Robert W. Hunnicutt met with child in his office to discuss the incident. Detective Hunnicutt showed child two different single

- 2 -

photographs of Weisel and asked child if the man depicted was the man who touched her. Child responded that the man in both pictures was the man who touched her.

On December 6, 2006, before the preliminary hearing, Detective Hunnicutt showed child a photo lineup containing six pictures of different men. Child selected the picture of Weisel as the man who touched her.

Weisel was indicted for aggravated sexual battery, in violation of Code § 18.2-67.3. Weisel filed a motion to suppress the out-of-court photo identifications, claiming the identifications were unduly suggestive and unreliable and "so suggestive that they [would] taint[] subsequent in-court identifications." On April 3, 2007, the trial court conducted a hearing on Weisel's motion to suppress. At the hearing, Brennan testified that on September 14, 2006, he showed child the photograph of Weisel and asked her if Weisel was the man who touched her. Brennan further testified that Officer Labbe was present in the security room that day when child made the identification. Brennan stated that Officer Labbe did not ask him to show child the photograph, and Brennan did not inform Officer Labbe that he was going to do so. Brennan also testified that Officer Labbe said nothing to child before the identification occurred.

The trial court denied the motion to suppress. In doing so, the trial court found that "all of the viewings and showings of the defendant are suggestive." The trial court further found, that at the September 14, 2006 photo identification, Brennan showed the photo to child, and Officer Labbe was present in the room but did and said nothing. Thus, the trial court concluded the September 14 showing did not involve state action. The trial court further found the September 26, 2006 photo identification was suggestive but was conducted in a neutral manner. In addition, the trial court found the December 6, 2006 photo array was conducted appropriately and "in accordance with all of the defendant's rights."

At trial, child identified Weisel as the person who touched her in the Target store. Weisel did not object to the in-court identification. Child's father testified that at the September 14, 2006 photo identification, Brennan gave the photograph of Weisel to Officer Labbe. Child's father also stated Officer Labbe commented that the color of the pants described by child did not match the color of Weisel's pants he wore in the photograph. Child's father further testified that Officer Labbe handed the photo to child and after child confirmed the man in the photo was the man who touched her, Officer Labbe took the photo with him to the police station to determine if anyone else might recognize Weisel. Later at trial, Officer Labbe testified that Brennan showed the photograph to child on September 14, 2006.

Out of the presence of the jury, Weisel moved for a mistrial on the ground that father's testimony showed Officer Labbe conducted the September 14, 2006 photo identification. The trial court concluded father's testimony was not grounds for a mistrial and denied Weisel's motion.

At the conclusion of the evidence, Weisel moved to strike the evidence. The trial court denied the motion. Weisel was convicted as charged, and this appeal followed.

## II. MOTION TO SUPPRESS

It is well established that, in hearing a defendant's motion to suppress, "'the trial court, acting as fact finder, must evaluate the credibility of the witnesses, resolve the conflicts in their testimony and weigh the evidence as a whole.'" Albert v. Commonwealth, 2 Va. App. 734, 738, 347 S.E.2d 534, 536 (1986) (quoting Witt v. Commonwealth, 215 Va. 670, 674, 212 S.E.2d 293, 297 (1975)). Such "determinations of the trial court, like those of a jury, are binding on this Court, and we will reverse such findings 'only if they are plainly wrong or without evidence to support them.'" Mercer v. Commonwealth, 259 Va. 235, 243, 523 S.E.2d 213, 217 (2000) (quoting Richardson v. Richardson, 242 Va. 242, 246, 409 S.E.2d 148, 151 (1991)).

"At trial, the Commonwealth bears the burden of proving the identity of the accused as the perpetrator beyond a reasonable doubt." Blevins v. Commonwealth, 40 Va. App. 412, 423, 579 S.E.2d 658, 663 (2003) (citing Brickhouse v. Commonwealth, 208 Va. 533, 536, 159 S.E.2d 611, 613-14 (1968)), aff'd on other grounds, 267 Va. 291, 590 S.E.2d 365 (2004). When a defendant challenges an out-of-court identification, the identification is admissible only if "either (a) the identification was not unduly suggestive, or (b) the procedure was unduly suggestive, but the identification is nevertheless so reliable . . . that there is no substantial likelihood of misidentification.'" Miller v. Commonwealth, 7 Va. App. 367, 373, 373 S.E.2d 721, 724 (1988) (quoting Hill v. Commonwealth, 2 Va. App. 683, 693, 347 S.E.2d 913, 918 (1986)).

On appeal, Weisel contends the trial court erred in refusing to grant his motion to suppress the September 14, 2006 and September 26, 2006 photo identifications and the December 6, 2006 photo array. Specifically, he claims the identifications and array were unduly suggestive and were not so reliable that there was no substantial likelihood of misidentification. We disagree.

As an initial matter, we agree with the trial court's determination that the September 14, 2006 photo identification did not involve state action. Action conducted by a private party, "no matter how unreasonable, does not constitute a constitutional violation warranting the suppression of the evidence . . . ." Mills v. Commonwealth, 14 Va. App. 459, 463, 418 S.E.2d 718, 720 (1992) (citing United States v. Jacobsen, 466 U.S. 109, 113 (1984); United States v. Mehra, 824 F.2d 297, 299 (4th Cir. 1987)). Resolving whether "government action is implicated 'necessarily turns on the degree of the Government's participation in the private party's activities, a question that can only be resolved in light of all the circumstances.'" Debroux v. Commonwealth, 32 Va. App. 364, 370, 528 S.E.2d 151, 154 (2000) (quoting Duarte v. Commonwealth, 12 Va. App. 1023, 1026, 407 S.E.2d 41, 42 (1991)). In addition, "more than the

mere presence of a police officer is necessary to constitute the government action . . . ." United States v. Kinney, 953 F.2d 863, 865 (4th Cir. 1992) (affirming the trial court's finding of no state action to implicate the Fourth Amendment). Thus, the determination of "whether a person acted privately or as an agent of the state is a question of fact." Mills, 14 Va. App. at 463, 418 S.E.2d at 720.

Here, the Target store security officer, Tim Brennan, testified at the suppression hearing that on September 14, 2006, *he* showed child the photograph of Weisel and asked her if Weisel was the man who touched her. Brennan further testified that Officer Labbe was present in the security room that day when child made the identification. Critical to our analysis is that the trial court credited Brennan's testimony that Officer Labbe did not ask him to show child the photograph, and Brennan did not inform Officer Labbe that he was going to do so. In addition, Brennan also testified that Officer Labbe said nothing to child before the identification occurred. From this evidence, the trial court could determine that Officer Labbe was not involved in facilitating the photo identification. Thus, we conclude the evidence supported the trial court's factual determination in this regard. Because we determine the trial court did not err in finding no state actor facilitated the September 14, 2006 photographic identification, we need not consider Weisel's additional claims that the identification was unduly suggestive and unreliable.[1] Furthermore, because the trial court did not admit into evidence the September 26, 2006 photo

---

[1] Moreover, it matters not that child's father testified at trial that Officer Labbe was involved in the photo identification and stated that Officer Labbe gave the photograph to child on September 14, 2006. After father testified, Weisel made a motion for a new trial contending the Commonwealth withheld father's testimony as exculpatory evidence. The Commonwealth denied knowing the content of father's testimony and claimed to have properly disclosed the evidence. The trial court concluded that the testimony was not grounds for a new trial and denied Weisel's motion. Because Weisel did not appeal the trial court's determination in this regard, we do not address the issue.

identification and December 6, 2006 photo array, we need not address whether the trial court erred in failing to grant Weisel's motion to suppress these identifications.

Weisel additionally contends the single photo displays conducted in September 2006 and the photo array conducted in December 2006 tainted child's in-court identification of Weisel. He claims there was no independent origin for child's in-court identification of Weisel as the perpetrator.[2] Thus, he concludes the trial court erred in permitting the in-court identification. In response, the Commonwealth claims Weisel limited his question presented to the out-of-court identifications and his petition for appeal did not assert that child's in-court identification should have been suppressed. We agree with the Commonwealth.

On appeal, Weisel's question presented challenges solely the trial court's admission of the photo identifications. Rule 5A:12(c) provides that "[o]nly questions presented in the petition will be noticed by the Court of Appeals." See McLean v. Commonwealth, 30 Va. App. 322, 329, 516 S.E.2d 717, 720 (1999) (en banc) ("Only those arguments presented in the petition for appeal and granted by this Court will be considered on appeal." (citing Rule 5A:12(c))). Rule 5A:12(c) is a non-jurisdictional rule, and as such, the rule's invocation "to prevent consideration of [an appeal's] merits, should not be undertaken without considering whether a party's failure to adhere strictly to the rule's requirements is insignificant, or so substantial as to preclude the court's addressing the merits of the case." Moore v. Commonwealth, 276 Va. 747, 753, 668 S.E.2d 150, 153-54 (2008) (citing Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008)). Weisel failed to include the in-court identification challenge in his question presented. Under these circumstances, we find Weisel's failure to comply with Rule 5A:12(c) is

---

[2] See Wise v. Commonwealth, 6 Va. App. 178, 186, 367 S.E.2d 197, 202 (1988) ("When a witness' out-of-court identification is ruled inadmissible, an in-court identification by that witness is still admissible if it has an origin independent of the inadmissible out-of-court identification.").

so significant as to preclude this Court's addressing the merits of the case. Thus, we will not consider his claim pertaining to the in-court identification.

## III. SUFFICIENCY OF THE EVIDENCE

Weisel also contends the evidence was insufficient to prove he was the individual who committed the crime. We disagree.

In determining the sufficiency of the evidence to support a conviction where a witness' identification is challenged, we apply the reliability factors established in Neil v. Biggers, 409 U.S. 188 (1972), as significant circumstances that may be considered along with other evidence. Charity v. Commonwealth, 24 Va. App. 258, 262-63, 482 S.E.2d 59, 61 (1997). Those factors include:

> "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation and the length of time between the crime and the confrontation."

Currie v. Commonwealth, 30 Va. App. 58, 73, 515 S.E.2d 335, 343 (1999) (quoting Biggers, 409 U.S. at 199-200); see also Bryant v. Commonwealth, 10 Va. App. 421, 424, 393 S.E.2d 216, 218 (1990) ("Under Biggers, the reliability of the identification is to be judged according to the totality of the circumstances.").

Here, considering the totality of the circumstances, the evidence was sufficient to support Weisel's conviction. Specifically, child observed Weisel peering down the aisle and she looked at his face. She also watched him walk away from her after the incident. Child had ample time to observe Weisel during the incident. Within minutes of the incident, she described Weisel as wearing gray sweatpants and a blue shirt. In addition, she described that his shirt depicted the "Nike sign." She also stated his hair was dark brown and that he had no facial hair. Her description contained specific details, and her account of the details was largely accurate. Child

showed no hesitancy in identifying Weisel less than twenty-four hours after the crime. The fact that child gave an incorrect description of the color of Weisel's sweatpants is not so significant as to discount her otherwise consistent disclosure of Weisel's appearance. Indeed, we have noted that it is "within the province of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the facts presented." Sanchez v. Commonwealth, 41 Va. App. 319, 335, 585 S.E.2d 327, 335 (2003), rev'd on other grounds, 268 Va. 161, 167, 597 S.E.2d 197, 200 (2004). Thus, the jury "resolv[ed] the conflicts and inconsistencies [therein] against [Weisel] and [found] ultimately that the evidence constituted proof of guilt beyond a reasonable doubt." Lockhart v. Commonwealth, 34 Va. App. 329, 343, 542 S.E.2d 1, 7 (2001). Under these circumstances, we conclude the evidence was sufficient to support Weisel's conviction.

## IV. CONCLUSION

For these reasons, we affirm the judgment of the trial court and Weisel's conviction.

Affirmed.